## CONWAY v. NICOL.

1. **Crim. con.: EVIDENCE: STATUTE OF LIMITATIONS.** In an action for criminal conversation with plaintiff's wife, at a time named within the statutory period of limitation for such actions, evidence of prior acts of adulterous intercourse, upon which the statute has run, is admissible for the purpose of showing the intimate relations of the parties, and of corroborating the evidence introduced to establish the illicit act which is within the statute, and upon which a recovery is sought.

2. **Evidence: DECLARATIONS: IMPEACHMENT.** While the declarations of a party to the record may be shown as an admission of a fact, yet to entitle a party to claim for them the effect of impeachment, it must appear that they materially differ from or conflict with his statements as a witness on the stand, and also that his attention was called to the time, place and person involved in the supposed contradiction.

3. **Crim. con.: EVIDENCE: DAMAGES.** In an action for *crim. con.*, evidence of acts showing a want of chastity, in plaintiff's wife before marriage, can only be considered by the jury in mitigation of damages. And in this connection, it is proper for the jury to consider evidence tending to show that the defendant was the father of the child, and that her unchaste acts were confined to him.

4. **Instruction: REFERENCE TO STATEMENTS OF COUNSEL.** In an instruction of the court to the jury, they were directed that certain facts claimed by the parties "must be determined from the evidence in the case, and not from the statements of counsel unsupported by evidence." *Held*, that there was no error sufficient to warrant a reversal.

*Appeal from Louisa District Court.*

THURSDAY, JULY 25.

ACTION for criminal conversation with plaintiff's wife at various times, and particularly about the 11th or 12th of April, 1870.

Answer in denial of the acts charged in April, 1870, and pleading the statute of limitations. as to the remainder. Verdict and judgment for plaintiff. Defendant appeals, and assigns the following errors: 1. "The district court erred in giving instructions Nos. 4, 8, 9 and 11." 2. "In refusing to give the instructions asked by the defendant, to wit: 2, 3, 4 and 5."

*D. N. Sprague* and *Cloud & Broomhall* for the appellant.

*Halls & Baldwin* for the appellee.

DAY, J. — I. In the fourth and eighth instructions, the court directed the jury as follows : " The plaintiff can only recover in this action for the seduction of his wife, at a time within two years prior to the date of the institution of this action, * * * but you will be permitted to consider the testimony bearing date previous to the time fixed by the statute of limitations, for the purpose of showing the relation of defendant to Elizabeth Conway, his control or influence over her, her character previous to the alleged seduction or adulterous intercourse between defendant and plaintiff's wife. * * * While, therefore, it is true that acts of sexual intercourse, had anterior to the statute of limitations, cannot be made the basis of a claim for damages, yet they may all be used and considered by the jury, to corroborate and strengthen the evidence introduced in support of the act of adultery which is inside of the statute of limitations."

2. CRIM. CON.: evidence : statute of limitations.

These instructions are clearly right. It is much more probable that an illicit intercourse, once effected, should be continued or repeated, than that it should have a beginning where it never existed before. This is so obvious that the declaration of the fact carries with it a conviction of its truth. The circumstances rendering probable improper conduct between the parties must be proper to be laid

before and considered by the jury, in support and corroboration of evidence tending to prove such improper intimacy.

See the following authorities sustaining these instructions of the court: *Commonwealth* v. *Merriam*, 14 Pick. 518; *Commonwealth* v. *Lahey*, 14 Gray, 91; *Gardner* v. *Madinea*, 2 Yeates, 466.

II. In the ninth instruction the jury were directed as follows: " The evidence introduced by the defendant as to 2. EVIDENCE: what knowledge was possessed by the plaintiff, declarations: impeachment. prior to his marriage with Elizabeth, as to her chastity, cannot be considered by you for the purpose of impeaching the credibility of plaintiff. It can only be used to show, as a matter of fact, what knowledge was had by plaintiff upon the subject prior to the marriage."

Defendant introduced as witnesses Bell and Reynolds. Bell testified that " he conversed with plaintiff about his wife's chastity. He told me he had heard previous to his marriage about it, and had accused her, and that she had denied it." Reynolds testified that he " had, during the past week, a conversation with plaintiff about his wife's unchastity. I asked him if he had heard such a report; he said he asked her, and she denied it." Appellant insists that this testimony should be considered for the purpose of impeaching plaintiff. It cannot have that effect for two reasons: First. It is not inconsistent with plaintiff's testimony. The plaintiff testified: " After the fuss commenced, she told me she had had once a child. This was the first time I ever heard or knew any thing of it." Upon cross-examination he stated: " I do not recollect of making inquiries about my wife's reputation before marriage." This evidently refers to inquiries made, not of his wife, but of third persons. Now that he had not heard of his wife's *having a child*, and had not *made inquiries about her reputation*, is perfectly consistent with his having heard of her *want of chastity* and having *accused her of it*.

Plaintiff does not testify, as appellant in argument

claims, "*that he never had heard of her want of chastity before his marriage to her.*" Second. While the declaration, out of court, of a party to the record, may be introduced as an admission of a fact, yet, in order that such declaration may operate as an impeachment of his character as a witness, his attention must be directed to the time, place and person involved in the supposed contradiction. 1 Greenl. on Ev., § 462.

This was not done. This branch of the instruction is not erroneous.

In this instruction the court further directed the jury that "the fact that the said Elizabeth had previously given

**3. CRIM CON.: evidence: damages.** birth to a child can only be considered to reduce the amount of damages. But in considering this, it will also be your duty to consider (if you so find from the evidence) that the said defendant was the father of the child, and that the said Elizabeth was virtuous to her marriage vows, except with defendant himself." To this branch of the charge defendant objects. Certainly the fact that plaintiff's wife, before marriage, had been guilty of unchaste conduct, will not take away the plaintiff's remedy for criminal intimacy with her subsequent to marriage. If, then, such prior conduct can have any effect at all, it must be, as charged by the court, to reduce the amount of damages. And, if it is proper to consider such prior misconduct, it is also proper to consider that such misconduct was confined to one individual, and that that person was the defendant.

III. The eleventh instruction is as follows: "If this suit, as is claimed by counsel for defendant, is the result of

**4. INSTRUCTIONS: reference to statements of counsel.** a conspiracy between plaintiff and his wife to procure money from the defendant, which fact must be determined from the evidence in the case, and not from the statements of counsel unsupported by evidence, then, if you so find, from the evidence in the case submitted to you from the witness stand,

Conway v. Nicol.

the plaintiff cannot recover, and your verdict should be for the defendant. It is claimed by counsel for the plaintiff (and you must, as I have before said, be governed by the evidence and not by the statements or assertions of counsel), that this defendant has invaded the right and sanctity of the home and domestic relations of plaintiff, broken up his family, brought shame and disgrace upon the plaintiff, and upon his minor children, caused the plaintiff great mental pain and suffering, caused the separation of him and his wife, by seducing and debauching the wife, at or about the 14th day of April, 1870. If you so find these facts to be true, from the evidence in the case, then you should not be limited to merely nominal damages, but you should allow the plaintiff such amount of damages as may in your judgment fully and liberally compensate him for the injury he has sustained, in the manner alleged." To so much of the above instruction as directs the jury *that the fact of conspiracy must be determined from the evidence in the case, and not from statements of counsel unsupported by evidence,* it is objected that, if there was no evidence upon this point, the instruction was improper; and if there was any evidence upon this point, the *statements of counsel were supported by evidence,* and the instruction did injustice to defendant. The instruction is not open to this criticism of appellant's counsel. While it is true that there may have been some evidence tending to establish a conspiracy, and proper to be considered by the jury, yet it is also true that appellant's counsel may have assumed facts, and made statements altogether without support from the testimony, and entitled to no consideration. It is objected that the latter part of this instruction recapitulates the plaintiff's claim, not as set forth in the petition, but as set forth in the " pathetic appeal of plaintiff's counsel to the jury." And it is urged that this " tended to prevent a full, fair and unbiased investigation of the facts of the case as they were presented to the jury

VOL. XXXIV — 68.

Conway v. Nicol.

by the evidence." It is not, however, claimed that, if these facts exist, they should not be followed by the consequences named by the court. The jury are instructed that these must be established by the testimony, and must not be inferred from the statements of counsel. If the bare recital of the facts of the case creates an unfavorable impression against defendant, it is very unfortunate for him to have acted in such manner as to render the proof of such facts possible.

IV. Plaintiff upon his cross-examination stated: "I wrote to defendant about a hog ; I would not be positive that I did not write him to come to my house; I don't recollect writing to him about his horses, or writing to him to come to my house." A letter was then shown witness, which he admitted to be his to Nicol. This letter bore date March 1, 1870, and requested defendant to bring his horses to plaintiff's place of residence, assuring him that he could there find ready sale for them. The defendant asked the court to instruct the jury : " If the evidence of plaintiff is contradicted by the letter written by him to defendant, of date March 1, 1870, upon points material to the issue, such contradiction will be considered by the jury in determining the degree of credit to be given to his ·evidence."

The refusal to give this instruction cannot have worked any substantial prejudice to the defendant. The letter does not contradict the testimony of plaintiff upon any material fact, and could not have been regarded by the jury as having that effect.

Its production proves, what plaintiff does not deny, that such a letter was written; but does not disprove, what plaintiff asserts, that he did not recollect writing it.

The second, third and fourth instructions asked by defendant are substantially contained in the charge of the the court.

The record discloses no error in the action of the district court.   Affirmed.