# Birge *v.* The State.

*Indictment for Living in Adultery.*

1. *Husband and wife, as witnesses for or against each other.*—Under an indictment against two persons for living together in adultery (Code, § 4184), the husband of the woman is not a competent witness for the man, when both are on trial together under the plea of not guilty.

FROM the Circuit Court of Dale.
Tried before the HON. H. D. CLAYTON.

STONE, C. J.—The defendant, a man, together with another, a female, were indicted under section 4184 of the Code of 1876, for living together in adultery. They were on trial together under the plea of not guilty. The husband of the female defendant was offered as a witness for the male defendant, and rejected by the court as incompetent to testify. This is the sole question this record presents.

"Husband and wife can not be witnesses for one another, nor regularly against one another; nor for or against any other person indicted and tried jointly with the husband or wife, for a joint offense. · · This inadmissibility is based on general

questions of social policy, and is not abrogated by the statutes enabling a defendant to be examined in his own behalf." Whar. Cr. Law, § 767 ; Whar. Cr. Ev. § 400, and *n.* 3 ; *Wood v. The State,* 76 Ala. 35.

The principle stated above is eminently applicable to the offense charged in this case. The offense can not be committed without the concurring, guilty participation of the two defendants. If one is guilty, the other must be, although one may be acquitted for defect of proof, while the other is convicted on testimony which tends to criminate only the one. A confession would be testimony of this class. Any testimony tending to exculpate one defendant, must necessarily tend to exculpate the other. Positive testimony in favor of the one must, in the nature of things, be testimony in favor of the other.

The judgment of the Circuit Court is affirmed.