# Holley v. The State.

*Indictment for Robbery.*

1. *Witness; credibility impeached.*—The credibility of a witness may be impeached by proof that he made statements out of court contradictory of his testimony as given on the trial.

2. *Same; same; evidence of general character for truth admissible.*— Where the credibility of a witness has been impeached by proof of statements made by him out of court, which were contradictory of his testimony on the trial, evidence of witness's general character for truth and veracity is admissible to sustain his credit as a truthful witness.

3. *Same; wife of a co-defendant not a competent witness.*—On the trial of several persons jointly indicted, the wife of one of the co-defendants is not a competent witness for the others; and her evidence is properly excluded.

4. *Alibi; charge as to burden of proof.*—The burden of proof as to an *alibi* is upon the party who sets up that defense; and a charge which instructs the jury, that the defendant was not required to establish the defence of an *alibi*, which he had set up, to the reasonable satisfaction of the jury, is erroneous and properly refused.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

The appellant, Burrell Holley, and George and Ed. Price were jointly indicted and tried for robbery. The Prices were acquitted, but Burrell Holley was convicted of the offense charged, and sentenced to the penitentiary for five years.

The evidence for the State tended to show that several men, disguised by having crocus sacks over the upper portion of their bodies and caps of similar material over their heads, with holes for the eyes and nose cut in the caps, went to the house of Jesse Whitehurst about 11 o'clock at night, broke in his door, aroused the said Whitehurst and his wife from bed and robbed them of something over four hundred dollars in money ˙ that Whitehurst and his wife had in a trunk in their house. Nobody was present except the robbers and Whitehurst and his wife. Immediately after the robbery, Whitehurst went to the house of his neighbor, Bynum, and told of the robbery. Tracks were seen to go to and from Whitehurst's house. Holley was seen the evening before the robbery in the town of Abbeville, some miles away from the scene of the crime, in company with one of the Prices. Jesse Whitehurst testified that judging from the nose, eyes and neck, which were partially exposed, he took one of the robbers to be the defendant Holley, but that he did not recognize any of the other robbers. Mrs. Whitehurst testified that she did not recognize or know who any of the robbers were. On the cross-examination of Jesse Whitehurst, he admitted that he stated to his neighbor, Bynum, that night, and to various other parties, the next day, and at different times afterwards, that he did not recognize any of the robbers, did not know who they were, and had no idea who they were. And he further testified that he had a reason for making such statement, but he did not state the reason. Against the objection and exception of the defendant, the court allowed the State to introduce proof of the good character of Jesse Whitehurst for truth and veracity. The defendant Holley offered the evidence of Mrs. Ed. Price, wife of one of the defendants, tending to prove an *alibi* for the defendant Holley. The court refused to permit this to be done, and to this ruling the defendant duly excepted.

The defendant requested the court in writing to give the jury the following charge, and duly excepted to the court's refusal to give said charge : "The defendants are not required to prove the defense of *alibi* to the reasonable satisfaction of the jury; but if from all the evidence there is a reasonable doubt as to whether the defendants were at Whitehurst's house on the night of

the robbery, and had no part in such robbery, the jury must find the defendants not guilty."

H. D. CLAYTON and M. SOLLIE, for appellant.—The witness Whitehurst was impeached by proof of contradictory or inconsistent statements shown to have been made by him out of court, and it was error to permit him to be sustained by proof of his good character for truth and veracity.—Laws of Witnesses (Rapalje) 367, note 6 and authorities; Wharton's Criminal Evidence, (8 Ed.), 491.

2. It is immaterial from what part of the evidence the doubt of guilt arises. If there is a reasonable doubt of the defendant's guilt, whether it be generated by the evidence tending to establish the *alibi* alone, or by such evidence in connection with all the other evidence, it is sufficient to authorize an acquittal.—3 Rice on Evidence, § 42; *People v. Fond Ah Sing*, 64 Cal. 253; *Kaufman v. State*, 49 Ind. 248; *Howard v. State*, 50 Ind. 190; *Com. v. Choate*, 105 Mass. 451; *State v. Reitz*, 83 N. C. 634; *Walters v. State*, 39 Ohio St. 215; *Watson v. Com.*, 95 Pa. St. 418; *State v. Hardin*, 46 Iowa 623; *State v. Watson*, 7 S. C. 63.

W. C. FITTS, Attorney-General, for the State.—The court did not err in excluding the evidence of the wife of one of the co-defendants. Where several defendants are jointly indicted and tried, the wife of one of them is not a competent witness for the others.—*Childs v. State*, 55 Ala. 25; *Woods v. State*, 76 Ala. 35; *Owen v. State*, 78 Ala. 425; *Birge v. State*, 78 Ala. 435.

HARALSON, J.—1. The credit of a witness may be impeached by proof that he made statements out of court contrary to what he has testified at the trial, (1 Greenl. Ev., §462); and where evidence has been introduced by the defendant, by way of impeaching him, tending to show that one of the State's witnesses had made such contradictory statements, the witness's general character for truth having been thus, in a measure, assailed, it was competent for the State to introduce evidence to sustain his general character, and to show that it was good for truth and veracity. There was, therefore, no error in the admission of the evidence to sustain the credit of Jesse Whitehurst—examined by

the State—as a truthful witness.—*Lewis v. The State*, 35 Ala. 386; *Hadjo v. Gooden*, 13 Ala 718; 1 Greenl. Ev., § 469.

2. There was no error in excluding the evidence of Mrs. Ed. Price, the wife of the co-defendant Ed. Price. She was not competent to testify. We have repeatedly held, that where several defendants are jointly indicted and tried, the wife of one of them is not a competent witness for the others.—*Childs v. The State*, 55 Ala. 25; *Woods v. The State*, 76 Ala. 35; *Owen v. The State*, 78 Ala. 425; *Birge v. The State*, 78 Ala. 435.

3. The charge requested by defendant was properly refused. It asserts the untenable proposition, that the defendant was not required to establish the defense of an *alibi* which he set up, to the reasonable satisfaction of the jury.—*Pate v. The State*, 94 Ala. 18; *Albritton v. The State*, 94 Ala. 76–79; *Pellum v. The State*, 89 Ala. 28.

We find no error in the record, and the judgment of the court below is affirmed.