# Campbell v. The State.

## *Indictment for Adultery.*

1. *Adultery; admissibility of evidence; competency of husband of woman as witness.*—On the trial of a man under an indictment for adultery, the husband of the woman with whom the defendant was charged with having lived in a state of adultery, and who was separately indicted for the same offense, is a competent witness to prove the unlawful cohabitation between his wife and the defendant.

2. *Same; admissibility of evidence.*—On a trial of a man under an indictment for adultery, where the husband of the woman with whom the defendant is charged with having lived in a state of adultery testifies to facts showing the commission by the defendant of the offense charged, and further testified to privileged communications between himself and his wife tending to show a state of enmity or alienation on the part of the wife, brought about by the defendant's presence in his house, it is competent for the husband of the woman to further testify that during such conversation between himself and his wife the defendant, who was in an adjoining room, and who overheard such conversation, laughed out loud thereat.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case, Joe Campbell, was indicted, tried and convicted for living in a state of adultery or fornication with Mary Calvin. In addition to the facts set out in the opinion, Island Calvin, the husband of the woman, Mary Calvin, testified that he permitted the defendant to live in his house with him and his wife, and that he had seen illicit relations between the defendant and his wife; that the defendant slept in an adjoining room to his with a thin partition between them; that one night, after the defendant had lived in his house for about two weeks, and after the witness and his wife had retired and while the defendant was lying in his bed in the adjoining room, upon

the witness's wife declining to let him touch her or
have anything to do with her, the defendant laughed
out loud.   The defendant moved the court to exclude
this testimony, upon the ground that it was immater-
ial and had no relevancy to the issues involved in the
case.

There were several charges requested by the defend-
ant, to the refusal to give each of which the defendant
separately excepted; but under the opinion it is un-
necessary to set out these charges at length.

ROBERT G. ARRINGTON, for appellant, cited 1 Green-
leaf on Evidence, (16th ed.), p. 495, §§ 334, 335; p.
501, § 343, note 2 and citations; *Commonwealth v.
Gordon*, 2 Brew. (Pa.), 569; *Cotton v. State*, 61 Ala.
12; *State v. Wilson*, 31 N. J. L.; *State v. Welsh*, 26
Maine, 30; 45 Am. Dec. 94; *Howard v. State*, 94 Ga.
587; *State v. Bridgman*, 49 Vermont, 206; *R. v. All
Saints*, 6 M. & S. 194; *People v. Fowler*, 104 Mich. 449;
*Hausellman v. Dovel*, 102 Mich. 505; *People v. Gordon*,
100 Mich. 518; *State v. Jolly*, 3 Dev. & B. (N. C.), 110;
also see *State v. Phelps*, 2 Tyler (Va.), 374; *Rea v.
Tucker*, 51 Ill. 110.

CHAS. G. BROWN, Attorney-General, for the State,
cited *Woods v. State*, 76 Ala. 38, and authorities; 29
Amer. & Eng. Ency. Law, 630, § 3, note 4.

McCLELLAN, C. J.—Joe Campbell, a white man,
was indicted, tried and convicted for living in a state
of adultery or fornication with Mary Calvin, a negro.
The said Mary was separately indicted for living in a
state of adultery with him, she being a married woman.
On the trial of Campbell, the State was allowed against
his objection to introduce and examine as a witness
Island Calvin, the husband of the said Mary, to prove
its charge against him; and defendant's exception to
this action of the court is relied on here to work a re-
versal of the judgment.   The witness' wife, Mary Cal-
vin, though also indicted for living in adultery with
this defendant, was not, as we have seen, indicted
jointly with him, but separately, and she, of course,

[Carter v. The State.]

was not on trial with him. Testimony of the husband going to prove the unlawful cohabitation between his wife and the defendant against the latter on this trial, could not, therefore, in any wise tend to prove the guilt of the wife under the indictment against her. Nor would the conviction of this defendant be *res adjudicata* or any evidence of the wife's guilt.—*State v. Outshall*, (N. C.), 26 Am. St. Rep. 599. It is settled in this State that in such case the husband may testify on the trial of the party separately tried for an offense alleged to have been committed jointly by him and the wife.—*Woods v. State*, 76 Ala. 35. See also *Birge v. State*, 78 Ala. 435.

A part of the testimony of this witness involved the disclosure of *privileged communications* between him and his wife, Mary Calvin; but it was not objected to on that ground, but expressly upon other grounds which were wholly untenable.

The testimony of this witness as to the defendant laughing aloud anent the conversation between the witness and his wife, cannot we think be said to have been immaterial under all the circumstances detailed by the witness.

The charges refused to defendant were severally patently bad; and we will not discuss them as appellant's counsel does not insist upon them in his brief.

Affirmed.

