# Moore *v.* Crosthwait.

## *Action of Assumpsit.*

1. *Pleading and practice; when trial by jury waived.*—Where from a judgment rendered by a justice of the peace in Jefferson county, a defendant in such suit takes an appeal to the circuit court of said county, but does not enter a demand for a trial by jury, said defendant waives a jury trial; and it furnishes no ground of complaint to him, that although plaintiff entered a demand for a trial by jury on the appeal bond, he did not insist upon it, and the cause was tried by the court without a jury, without objection being made thereto by either party.

2. *Same; when statute of limitations no defense.*—The statute of limitations of three years presents no defense to a cause of action stated in a count of a complaint seeking to recover on

[Moore v. Crosthwait.]

a stated account, or to a cause of action stated in a count of the complaint seeking to recover the price agreed to be paid for a horse sold by plaintiff to defendant.

3. *Evidence; admissibility of declarations.*—In a civil action, the declarations, by a defendant made against his interest, are admissible in evidence as being in the nature of admissions.

4. *Action of assumpsit; sufficiency of evidence.*—In an action of assumpsit, where the complaint contains a count seeking to recover on an account stated, and other counts seeking to recover the agreed purchase price of a horse sold by plaintiff to the defendant, evidence introduced, which tends to show the sale of the horse by plaintiff to defendant for the agreed price, payable at an agreed time, tends to support each of the counts of said complaint.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee, J. G. D. Crosthwait, against the appellant, John J. Moore, to recover the purchase price of a horse alleged to have been sold by the plaintiff to the defendant. The suit was was originally instituted in a justice of the peace court, and from a judgment in favor of the plaintiff, the defendant took an appeal to the circuit court. On the appeal bond, the attorneys for the plaintiff entered a demand for a trial by jury. The complaint filed in the circuit court contained three counts. These counts and the pleas interposed by the defendant are sufficiently shown in the opinion.

The defendant moved to strike all the pleas from the file, except that of the general issue, upon the ground that they were indefinite and uncertain, and presented no answer to the complaint. Neither this motion, nor the ruling thereon, was shown in the bill of exceptions; but the minute entry recites that said motion was granted. The defendant also demurred to the special pleas, upon the grounds, among others, that they presented no answer to the complaint. It is not shown that this demurrer was passed upon by the trial court.

Upon the trial of the case, the plaintiff as a witness in his own behalf, testified that he sold a horse to the defendant for $75, the defendant promising to pay the whole amount in cash, but that the said amount had

18

never been paid, nor had the defendant paid anything thereon.

The plaintiff introduced other witnesses, whose testimony tended to show the purchase of the horse by the defendant The defendant as a witness in his own behalf testified that he did not purchase a horse from the plaintiff, nor did he agree to pay him $75 for said horse.

During the examination of some of the witnesses introduced by the plaintiff, they were asked whether or not the defendant had said to them that he had purchased the horse in question from the plaintiff. To each of these questions asked said witnesses the defendant separately objected on the ground that it called for immaterial, irrelevant and incompetent evidence. The court overruled each of such objections, and to each of such rulings the defendant separately excepted. Upon said witnesses answering said questions in the affirmative, the defendant separately moved to exclude each of said answers, upon the ground that it was irrelevant, immaterial and incompetent evidence. The court overruled each of such motions, and to each of these rulings the defendant separately excepted.

Upon the cross examination of the defendant as a witness, he was asked the following question: "Mr. Moore, didn't you tell Mr. W. H. Jones in the city of Birmingham on First Avenue, at or near the Morris Hotel, after the 8th day of March, 1897, that you had bought or purchased this mare from Mr. Crosthwait?" The defendant objected to this question, upon the ground that it called for irrelevant, incompetent and illegal evidence. The court overruled the objection, and the defendant duly excepted. The witness answered that he did not. He was then asked the following question: "Did you tell him at any time at any place in Birmingham?" The same objection was interposed to this question, and the court overruled it, to which ruling the defendant duly excepted. The witness answered he did not. In rebuttal the plaintiff introduced W. H. Jones, as a witness, and said Jones, against the objection and exception of the defendant, testified that at the time and place referred to in the question asked the defendant, the said de-

fendant told him, the witness, that he had purchased a horse from the plaintiff. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The cause was tried by the court without a jury, and upon the introduction of all the evidence the court rendered judgment in favor of the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved. The appellant also made the following assignment of error: "That a demand for a jury was made, and the court tried said cause without a jury."

J. W. BUSH, for appellant.

VON L. THOMPSON, contra, cited 1 Greenleaf on Evidence, (15th ed.), § 171; Hurt v. Nave, 49 Ala. 459; 3 Brick. Dig., 443, §§ 568, 570; Hays v. Woods, 72 Ala. 92; March v. England, 65 Ala. 275; Strauss v. Meertief, 64 Ala. 299.

McCLELLAN, C. J.—The defendant, Moore, waived a jury trial by failing to enter a demand therefor when he brought the case into the circuit court by appeal from the judgment rendered by the justice of the peace. It is no concern of his that *the plaintiff* did not insist upon the demand for a jury which he entered on the appeal bond, and without objection went to trial without a jury. Even had plaintiff's demand given the defendant any right in the premises, which it did not, he waived such right by submitting his case without objection to the judge of the court sitting without jury.

The complaint in the circuit court contained three counts, each claiming seventy-five dollars; the first as upon an account stated, the second for the agreed price of a horse sold by plaintiff to defendant on December 8th, 1897, and the third for the agreed price of a horse sold by plaintiff to defendant on March 8th, 1897. Pleas 1, 2, 3, 4 and 5 were interposed to the complaint as a whole, but those numbered 2, 3 and 4 only purport to answer several counts of the complaint. Moreover, the facts set up in them were available under the general

[Moore v. Crosthwait.]

issue, plea 1. Plea 6 is but a repetition of the general issue presented by plea 1. Plea 5 sets up the statute of limitations of three years against the whole complaint, and plea 7 sets up the statute of limitations of three years against the first count claiming upon an account stated. The statute of limitations of three years is not a defense to either of the causes of action stated in the complaint. The court, on motion, struck out all the pleas but that of the general issue. We cannot review this action because it is not shown by the bill of exceptoins.

None of the exceptions to the admission of testimony was well taken. The declarations of the defendant, to the admission in evidence of which objections were made and exceptions taken, were all properly received as declarations of a party against his interest. They were in the nature of admissions by the defendant that he had purchased the horse from the plaintiff, which he denied in his pleading and on the stand as a witness, and it was not necessary to lay a predicate for their introduction as where the only office of declarations of a witness made out of court is to impeach his testimony in court. Only one of the several declarations adduced appears to have been intended as matter by way of impeachment. That was the declaration made to W. J. Jones. The predicate for it as a contradictory statement by Moore, *the witness*, was, we think, well laid; but the declaration as that of Moore, *the party*, was admissible without such predicate.

The evidence tending to show the sale of the horse by plaintiff to defendant for an agreed price payable at an agreed time, or presently, tended to support the count as upon an account stated as well as the other counts of the complaint.—*Ware et al. v. Dudley*, 16 Ala. 742; *Sheppard v. Wilkins*, 1 Ala. 62; *Battle v. Reed*, 68 Ala. 149. That the complaint was proved was the conclusion and finding of the trial judge. We think that conclusion was correct on the evidence adduced, and the judgment thereon must be affirmed.

Affirmed.