# Tilley *v.* The State.

## *Violating Prohibition Law.*

(Decided June 16, 1910.   52 South. 732.)

*Witnesses; Impeachment: Character Testimony.*—Where the prosecution was for the unlawful sale of liquor and the defendant endeavored to show by other witnesses that the statement of the state's witness that he got a five dollar bill changed on a certain porch to pay defendant for some whisky, that he paid him there and that he had not stated that defendant had done him a dirty trick and was going to get even with him, was an attempt to impeach the witness and the state could then introduce testimony showing the good character of such witness.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

George Tilley was convicted of violating the prohibition law and he appeals.   Affirmed.

TATE & WALKER, for appellant.   Counsel discuss the issues raised by the assignments of error but cite no authority in support of their contentions.

ALEXANDER M. GARBER, Attorney General, for the State.   The court did not err in permitting the state to prove the good character of the witness since an attempt had been made to impeach him.—*Bell v. The State,* 124 Ala. 94; *Holly v. The State,* 105 Ala. 100.

SIMPSON, J.—The appellant was convicted of the offense of selling spirituous, vinous, or malt liquors contrary to law.   The principle witness against the defendant was one Buttram, who testified to the sale by the defendant of the whisky.   He testified that he got Jason Couch to change a $5 bill, on Couch's porch in order to get the change to pay defendant for the whisky,

and that he paid defendant on said Couch's porch. He also testified that he did not say to Clem Kimball that defendant had done him a dirty trick and he was going to get even with him. The defense tried to break the force of his testimony, by proving by other witnesses that said Buttram did not get the $5 bill changed, that he did not talk with the defendant on said porch, and that said witness had said to Clem Kimball that the defendant had done him a dirty trick, and he was going to get even with him, which statement the witness denied making. The proof of the contradictory statements laid the predicate.

This was an evident attempt to impeach the witness, and show that his testimony was not entitled to credit, and there was no error in allowing the state to introduce testimony as to the good character of said witness. —*Bell v. State,* 124 Ala. 94, 27 South. 414; *Hadjo v. Gooden,* 13 Ala. 718; *Holley v. State,* 105 Ala. 100, 17 South. 102; *Lewis v. State,* 35 Ala. 380; 1 Greenl. on Evi. (5th Ed.) § 469; *Towns v. State,* 111 Ala. 1, 20 South. 598.

There being no error apparent in the record, the judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.