(122 So. 437)

DICKSON v. DINSMORE.   (6 Div. 200.)

Supreme Court of Alabama.   May 16, 1929.

354

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellant.

# 355

Altman & Koenig, of Birmingham, for appellee.

FOSTER, J.  It has long been established in Alabama that one method of impeaching a witness is, after a proper predicate to the witness, to prove that he made a statement contradictory of that given in evidence, and that when there is such nature of impeaching evidence, the party offering the witness has the privilege of supporting his veracity by proof of the general good character of the witness, though this is shown in 6 Jones on Evidence, § 2454, and 2 Wigmore on Evidence, § 1108, to be contrary to what those authorities consider the better view.

We are requested here by counsel for appellee to follow the suggestion of such authorities and repudiate the doctrine established in Alabama. We think that such principles should not after all these years be now set aside. Our authorities begin with Hadjo v. Gooden, 13 Ala. 718, and extend to the latest (we now find) of Alexander v. Alexander, 214 Ala. 291, 107 So. 835, with many cases intervening to the same effect. See Tilley v. State, 167 Ala. 107, 52 So. 732; Starks v. Comer, 190 Ala. 245, 67 So. 440.

 In the instant case, the party whose character was sought to be impeached was the defendant himself, appellant here. Where such is the case, proof of the extrajudicial statements of the party is admissible for two distinct purposes, and in two distinct aspects. In one of them, such statements are admissible as admissions of the party, and in such event no predicate is necessary; and they are also admissible as impeaching testimony, and when, for that purpose, the same rule as to predicate is required as when the witness is not a party. Moore v. Crosthwait, 135 Ala. 272, 33 So. 28; 6 Jones on Ev. (2d Ed.) § 2412; Browning v. Chicago, R. I. & P. R. Co., 118 Mo. App. 449, 94 S. W. 315; Louisville, N. A. & C. R. Co. v. Frawley, 110 Ind. 18, 9 N. E. 594; Conway v. Nicol, 34 Iowa, 533. Many authorities are cited in Jones on Evidence, supra, not necessary to repeat.

 But mere contradiction of the testimony of a witness does not justify evidence of the general character of the witness. Starks v. Comer, 190 Ala. 245, 67 So. 440; Bell v. State, 124 Ala. 94, 27 So. 414; Baucum v. George, 65 Ala. 259.

 Counsel have the option to call the attention of the party as a witness to the subject-matter (lay the predicate) or to prove the declaration by his own witness without such predicate. In one instance he is treated as a *witness* as well as a *party*, and in the other as a *party* merely. If the former practice is observed, it is impeaching testimony, and the same rule applies as though he were not a party; if the latter, it is substantive evidence and not impeaching. After the former proof of general good character of the witness, though a party, is admissible; after the latter, no such proof is admissible. 2 Jones on Ev., supra; Moore v. Crosthwait, supra.

 It is true that such contradictory statements may serve as impeaching testimony only when they relate to material evidence in the case. We think that appellee is not in position to contradict the materiality of such statements for three reasons: One is that he himself brought out the evidence of impeachment over the objection of appellant, that it sought an impeachment on an immaterial issue, and therefore, if it is immaterial, appellee, having procured a ruling from the court otherwise, cannot now himself make

that claim. Appellant both by objection to the evidence and in a motion to exclude the answer sought to prevent such method of impeachment, insisting, in the objection, that it was impeaching evidence, and that it was immaterial. All such objections were overruled, thereby admitting it as impeaching evidence. Second, its materiality as impeaching evidence is not now the question we are considering. The court had passed that question when the offer was made by appellant to sustain his character. The other reason is that it tended to prove an allegation of the complaint, which may be conceded to be unnecessary, but not impertinent.

The count charged a wanton killing of plaintiff's intestate, caused by the wanton manner of driving an automobile, in which it is alleged the intestate was a *passenger at the invitation of defendant.* Both parties offered evidence upon the question of whether he was invited by defendant, or whether he himself asked permission to ride and was a mere licensee, and seemed to consider that as important evidence, perhaps not because it was necessary to make the allegation (as the count charged a wanton injury, Reed v. Ridout's Ambulance, 212 Ala. 428 [17], 102 So. 906), but because the allegation was in fact made in the complaint. In view of this situation, and such impeaching evidence by appellee, even if the impeaching evidence were immaterial appellee cannot now profit by such contention. The offer to make proof of good character followed immediately after the court had overruled appellant's objection to the impeaching evidence, in which direct attention was called to the fact that it was such in its nature.

We have carefully considered the predicate, and the so-called impeaching evidence, and we think that their effect is that of impeachment, as well as statements of substantive matters by way of admissions. We find therefore that there was reversible error relating to this subject.

■ We think that the court should not be put in error for allowing testimony that the deceased and the other passenger in the car on more than one occasion remonstrated with defendant about the speed he was making, and the manner of his driving, though not in close proximity to the place of the accident. It is said that "a gratuitous guest in an automobile cannot sit idly by, observe clear violations of the law by operating the automobile at an excessive speed or otherwise, and acquiesce in it, and then hold the driver or the owner liable for damages resulting from such violations." 2 Blashfield Cyc. of Auto. Law, p. 1087, § 3; Berry on Automobiles (6th Ed.) § 689; Harding v. Jesse, 189 Wis. 652, 207 N. W. 706; Jefson v. Crosstown St. Ry., 72 Misc. Rep. 103, 129 N. Y. S. 233; Sharp v. Sproat, 111 Kan. 735, 208 P. 613, 26 A. L. R. 1421. This principle has been recognized in

our cases as having effect, applicable to negligence counts. Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610(3); McGeever v. O'Byrne, 203 Ala. 266, 268, 269, 82 So. 508.

Though the count that went to the jury was a wanton count, and therefore the contributory negligence of decedent would not prevent a recovery, we think that evidence of a regard of his duty as a guest cannot be said to be so remote as to be prejudicially erroneous though not a direct issue in the case.

This evidence merely related to conversations in the car pointing out—though sometimes in a jocular vein—the recklessness of defendant, and was not in the nature of evidence showing the speed at points remote from the occasion of the accident that did not continue up to it (Berry on Automobiles [6th Ed.] §§ 2186, 2013), except as incidental to such remonstrances which were proper, if not, in fact, the duty of the occupants to make.

■ We think that the affirmative charge was not due appellant. One aspect of the evidence is that he was maintaining a speed of about 60 miles an hour on a straight road, with a Chevrolet car ahead going in the same direction at about 10 to 20 miles per hour; that when about 75 to 100 yards ahead the driver of the Chevrolet threw out his hand, and then began to turn to the left into a crossroad; that an occupant of appellant's car said "Lookout, Dick!" that there was no slowing up by appellant, and he undertook to run in front of the car ahead as it turned toward the crossroad, after his attention was called to the danger, and there was a collision with such car; that he blew his horn when almost on the other car. Though he denies seeing the hand of the driver ahead, he testifies he was looking straight ahead and it was in plain view. The jury could infer that this incident had escaped his memory, for appellant's testimony is not distinct on this point. Central of Ga. R. Co. v. Graham (Ala. Sup.) 119 So. 654;[1] Peters v. Southern R. Co., 135 Ala. 533, 33 So. 332; Southern R. Co. v. Irvin, 191 Ala. 622, 68 So. 139.

The evidence tended to show that appellant's car caused a telephone pole to lean and to break, and it knocked down three fence posts, itself turned over, and headed back the other way. Taking all the evidence together, it was for the jury to determine whether appellant's conduct amounted to wantonness proximately causing the death of decedent.

■ We think there was no prejudicial error in overruling an objection to the evidence that a certain Jefferson county bill was not under consideration in the Legislature at the time, as it is claimed that decedent had requested appellant to take him to Montgomery on account of a consideration of that bill. It

---

[1] 218 Ala. 624.

could be considered as a circumstance in deciding the disputed issue as to whether deceased requested appellant to let him ride with him on that account, as appellant testified.

The only refused charge which appellant has argued was the affirmative charge. We have, therefore, not considered the others. We think it is not necessary to treat other matters assigned, as they relate to incidents not likely to arise on another trial.

For the error in refusing to allow evidence of appellant's good character after evidence which in legal effect was impeaching in its nature, the judgment must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.