151 So. 613

## KELLEY v. STATE.

### 2 Div. 528.

Court of Appeals of Alabama.

Dec. 19, 1933.

Jerome T. Fuller, of Centreville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The evidence for the state tended to prove the charge as laid, and that for the defendant contra.

■ When the defendant was being examined as a witness in his own behalf and on cross-examination, he was asked if he did not at a certain time and place make certain statements in the presence and hearing of certain named persons. His answer was that he had not. Thereupon defendant offered to prove by several witnesses the good character of defendant for truth and veracity in the community in which he lived. On objection being made by the state, the objections were sustained and exceptions were reserved. These exceptions are made the basis for assignments of error 1 to 9, both inclusive, and to sustain this contention we are cited Dickson v. Dinsmore, 219 Ala. 353, 122 So. 437; Holley v. State, 105 Ala. 100, 17 So. 102; and other authorities of similar import. These cases hold that: "Where the credibility of a witness has been impeached by evidence of contradictory statements made out of court, evidence of a good reputation for truth and veracity is admissible to sustain it." It will be observed, however, that in the instant case there had been no evidence of a contradictory statement made by defendant at the time the court ruled on the question. It was the evident purpose to introduce such testimony, and such testimony was subsequently introduced; but the rulings complained of had already been made. The rulings of the court at the time made were free from error.

■ When state's witness James was being examined on cross-examination, he was asked if he did not search Bob Burton's house? Bob Burton was the party found at the still and who testified on the stand that he was at the still working for and under the direction of defendant. What the searching of Burton's house had to do with the guilt or innocence of this defendant is not apparent. The answer one way or another could not have affected this case.

■ On cross-examination by defendant's counsel, the state's witness Elliott was questioned closely as to whether he had pleaded

guilty to a charge of burglary. To these questions the witness gave evasive answers in an apparent effort to avoid admitting the charge. The question asked, "You heard the witnesses excused in your case?" was objected to, the objection was sustained, and exception reserved. There was no error in this ruling. If the effort was to prove a plea of guilty, the records of the court were the proper way.

■ Appellant insists that the refusal of the court to give at the request of defendant written charges 21, 13, 11, and 14 are in each instance error. No authorities are cited to sustain these contentions. Charges 21 and 14 are argumentative and misleading. Charge 13 invades the province of the jury. Charges similar to charge 11 have frequently been condemned by this court.

Moreover, all of the correct legal propositions embraced in the foregoing charges were fully covered by the court in his oral charge.

There is no error in the record, and the judgment is affirmed.

Affirmed.