164 So. 58

McCLURE v. ATLANTIC LIFE INS. CO.

6 Div. 785.

Supreme Court of Alabama.

Oct. 17, 1935.

Rehearing Denied Nov. 29, 1935.

Basil A. Wood, of Birmingham, for appellant.

Cabaniss & Johnston and Lucien D. Gardner, Jr., all of Birmingham, for appellee.

BOULDIN, Justice.

Appellant sued appellee on the common counts for money had and received, and on a special count, No. 5, which appears in the report of the case.

The tendencies of the evidence, material on this appeal, may be summarized thus:

The appellee, insurance company, had recently opened an agency to sell life insurance. E. D. Sampson & Son were general agents. R. R. Knox was soliciting agent, working under the general agency.

In February, 1929, Knox solicited plaintiff to take a policy. Plaintiff replying that he was not in the market for further life insurance, Knox represented that his company was issuing special contracts to a limited number of select policyholders, wherein the cash and loan values and dividends were so liberal that after four or five years they would be sufficient to cover outlays for premiums to that time, and thereafter sufficient to carry the policy; that his agency would advance necessary funds to carry the policy until such loan values were available, and thus the policy became self-sustaining, except as to interest charges.

Plaintiff, although questioning the issuance of a policy with any such liberal terms, on Knox's insistence, made an application for the policy and submitted to a medical examination. The application was approved, policy issued from the home office, and sent to the agency for delivery. Knox tendered the policy.

Plaintiff, who, in the first instance, had advised that the policy must be submitted to him for examination, and acceptance only in the event it was found to conform to representations, declined to receive the policy unless it was turned over to him for

examination, which plaintiff was too busy to do at the time. Knox then advised he could not turn the policy over to plaintiff unless the premium was arranged. Thereupon, plaintiff gave a check payable to Sampson & Son for $29.75, covering an interest charge, and a note for $1,275 to cover the annual premium. A little later this note was converted into two notes, $665.42 and $635.67, in order that the payee, E. D. Sampson & Son, might negotiate one of them, and remit to the home office the net amount of the premium for first quarter. This check and notes were to be returned in case, on examination, the policy was found not to conform to representations, and its acceptance refused, and the same returned.

Promptly plaintiff did examine the policy, found it did not stipulate any such benefits, returned same to E. D. Sampson & Son, and demanded surrender of his check and notes.

Meantime, E. D. Sampson & Son had negotiated one of the notes to a bona fide holder, and remitted to the home office the net premium for the first quarter, which, under contracts in evidence, amounted to some $135.

After some controversy, E. D. Sampson & Son did surrender the other note, agreed to take care of the note which had been negotiated, and did pay some $115 thereon, leaving, however, a balance of $550, which plaintiff had to pay. The suit is to recover from the insurance company this amount, and the amount of the check.

The theory of appellant is that the policy never became effective, that it was received for examination only, and, on examination, was rejected because of misrepresentation, and on his offer to promptly surrender the policy, he was entitled to have his notes and check returned.

The plaintiff's testimony sustained this contention. No evidence was presented by defendant on this issue. This would sustain a recovery against the proper parties for breach of such agreement, and the loss resulting to plaintiff therefrom. Norwood v. Stinnett, 202 Ala. 349, 80 So. 431.

The representations of a soliciting agent of an insurance company touching the terms and benefits of a policy he is seeking to sell are within the line and scope of his employment, just as the representations of any other sales agent as to the character and quality of his goods. If relied upon, under conditions in which they may lawfully be relied upon, the principal is liable for damages proximately resulting from such fraud.

But the controlling inquiry is whether such a case is here presented.

Plaintiff's own theory of the case is that he did not rely on these representations and accept the policy, incurring loss therefrom.

At most, plaintiff was induced to issue the check and execute the notes to be held as a guaranty that the policy would be returned, if disapproved.

We may concede the evidence warrants a finding that plaintiff was induced to enter into such tentative arrangement by the misrepresentations of Knox, and thus plaintiff put in a position to lose by the breach of the agreement to retain and return the notes.

But was Knox or Sampson & Son, in this matter, acting as agent for the insurance company, and within the line and scope of his or their employment? Clearly the notes were given to Sampson & Son, personally, on their promise to finance plaintiff, if the policy was accepted. It affirmatively appears the company had no knowledge of any such arrangement or dealings until advised by letter from plaintiff in the following August, after the agency had been discontinued.

[2] We are clearly of opinion the loss to plaintiff resulted from breach of a personal and outside contract with Sampson & Son in which they were not acting, nor claimed to be acting as agents of the insurance company; and any fraud in procuring such a contract was entirely outside the scope of Knox's agency and employment. The insurance company had no connection with it.

The letter written by the plaintiff to the company was admissible as a declaration of the opposing party against interest. In so far as it was corroborative of the plaintiff's contention on the trial, it was harmless.

Appellant now insists he was entitled to recover the money actually remitted to the home office.

No issue was submitted to the jury touching a right of recovery under common counts for the money received at the home office. No instructions were requested on this point. On the contrary, plaintiff's given charge, which we have marked (1), expressly called for a verdict for the full amount paid, if plaintiff was entitled to a verdict.

On the issue as thus made, defendant was entitled to the affirmative charge; hence, we need not review charges given or refused which are assigned for error.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.