168 So.2d 225

W. I. BOWMAN et al.

v.

Jasper POOHL.

2 Div. 440.

Supreme Court of Alabama.

Oct. 22, 1964.

Scott & Scott, Montgomery, for appellants.

Lloyd & Dinning, Demopolis, for appellee.

PER CURIAM.

Appellants, W. I. Bowman, doing business as Demopolis Stock Yards, and Pete Reynolds initiated attachment proceedings in the Circuit Court of Marengo County against Orval Quick.

An attachment writ, issued on the ground that defendant was a non-resident, was levied by the Sheriff of Marengo County on 101 head of cattle as the property of the defendant. One Jasper Poohl, of Hamilton, Michigan, filed a petition for permission to intervene as the owner of the cattle.

Contemporaneously with the filing of this petition, Mr. Poohl moved the court "to require the plaintiffs to show cause why the attachment heretofore executed against certain property in this cause, to-wit: [describing the attached property]; should not be dissolved and declared to be of no force and effect; * * *." Suffice it to say that Ground 1 of the motion alleged that the intervenor was the true owner of the cattle and that defendant had no property rights in and to the same. Two other grounds were merely restatements of ownership. Ground 4 charged that the attachment was issued on Sunday, and that plaintiffs failed to make an affidavit and give bond as provided in such cases, and the attachment was thereby wrongful.

The trial court, after hearing the evidence for and against said motion, allowed the intervention and then made a finding of fact that title to said cattle, at the time the truck hauling the cattle was stopped, and at the time the writ of attachment was levied, was in the intervenor, Poohl. The court entered a judgment dissolving the attachment and thereafter, within the time and manner provided by law, overruled a motion for a new trial which was seasonably filed and presented by plaintiffs.

Appellee filed in this court his motion to strike the record and to dismiss plaintiffs' appeal. The grounds of the motion sufficiently argued, and which we will consider, are as follows:

(1) That the complaint was not filed within fifteen days after the attachment in said cause was sued out.

(4) That the record shows on its face that this appeal is taken from an order dissolving an ancillary attachment, which is not an appealable order, and there is no final judgment in the cause to support an appeal.

### On the Motion

The record before us, by which we must be guided, shows an attachment affidavit was filed with the Circuit Clerk of Marengo County on September 15, 1962; on the same date the Clerk issued a writ of attachment. Thereafter, on September 28, 1962, within fifteen days from the date the attachment was issued, plaintiffs filed a complaint against the defendant. Written on the bottom of the complaint, below the filing inscription made by the Clerk, was the following: "Holding for address of def. Instructions of plaintiff." It also appears that the Clerk on September 28, 1962, issued a summons to the defendant to appear and answer the complaint. This summons does not have any return of the Sheriff showing service, nor was notice by publication given to defendant. He made no appearance.

■ Therefore, in our opinion, Ground 1 of the motion is without merit. The complaint was filed within the time prescribed by law. Section 882, Title 7, Code 1940. The alleged direction by the plaintiffs to hold for the address of defendant did not toll or nullify the filing.

It appears from the record that the plaintiffs and the intervenor went to trial on the motion to dissolve the attachment. The plaintiffs did not challenge the legality of the motion or any of the grounds therein stated, nor did they seek a continuance, or offer any objections to entering upon a trial of the motion, which was heard within two days after petition for intervention and the motion were filed. We pretermit any observations as to the legal efficacy or vulnerability of the motion for dissolution or the grounds supporting the same. We also pretermit discussion as to the pertinency of our holding in Exchange Nat. Bank of Spokane v. Clement, 109 Ala. 270, 19 So. 814(1), and cases cited.

■ Since the intervenor elected to present the ultimate and final issue of ownership of the cattle by motion to dissolve, the plaintiffs having appeared and attempted to show cause why the attachment should not be dissolved by offering evidence that title to the cattle was in defendant Quick, and appellee having offered evidence that the cattle were his, we do not think appellee can now be heard to say that the judgment of the court dissolving the attachment, accompanied by a finding of fact that intervenor was the owner of the cattle, was not a final judgment as to the issue between him and plaintiffs. The ultimate issue of title between the plaintiffs and Poohl, a claimant, was tried and determined. An appeal lies. Monroe County Growers Exchange v. Harper, 20 Ala.App. 532, 103 So. 600(4).

Appellee's motion to strike the transcript and to dismiss the appeal is denied.

### On the Merits

A brief review of the pertinent evidence taken on the trial of the motion to dissolve the attachment is as follows: Orval Quick bought and paid for the cattle at a livestock center in Livingston, Sumter County, Alabama. The livestock dealer issued invoice for the cattle to Mr. Quick. The latter contacted an agent or officer of a public carrier and made arrangements for the cattle to be transported by truck to Mr. Poohl in Michigan. The trucking company issued what it termed or designated a "Uniform Straight Bill of Lading," reciting *inter alia* that it had received from Livingston Stock Yards (Orval Quick) at Livingston, Alabama, the cattle in question, which were consigned to Jasper Poohl, Hamilton, Michigan. There were other recitals in the instrument which we deem unnecessary to quote. The instrument was made in the presence of Mr. Quick, but no copy was delivered to him. The cattle were loaded. While en route, before leaving Alabama, the driver of the truck, at the invitation or solicitation of a Mr. Brown, diverted the cattle to Marengo County, where the cattle were attached by the Sheriff. It seems also that the Highway Patrol of Sumter County was alerted by the Director at Montgomery to delay the truck. Brown was in the truck when the Highway Patrol located the truck.

It further appears from the evidence that plaintiffs procured the services of one Frank Little to see Mr. Poohl and get a written statement from him with reference to the cattle.

Mr. Little appeared as a witness for plaintiffs and was permitted to testify as to his conversation with Mr. Poohl. The substance of this conversation was that Poohl denied owning the cattle. The witness Little stated:

"It (the conversation) all centered around the cattle; that he was to take the cattle from Mr. Quick if he liked the cattle when they got there. That's about what it amounted to. He said he had no further interest in the cattle and wouldn't take the cattle now because it had been too long. I asked if he'd signed any previous statement, and he said, 'A week from today,' I believe, he

signed a statement for Mr. Orville Quick's attorneys, and I asked him what he signed, and he said he thought —he didn't have a copy—he thought it read that he would take the cattle if the cattle got there. That's all he said, and I didn't question him any more."

The witness then testified that Mr. Poohl signed an unverified statement, dated September 24, 1962, which he (witness) had prepared in his office. This statement was prepared at the instance of Mr. W. I. Bowman, who told him what to put in the statement.

The trial court sustained intervenor's objection to the introduction of the paper which the witness testified Mr. Poohl signed. The paper so signed contains practically but not all the same statements which witness testified Mr. Poohl made to him.

The statements contained in the instrument allegedly signed by Mr. Poohl were admissions against the interest Mr. Poohl claimed in the cattle. The trial court committed reversible error in sustaining appellee's objection to such admission. Moore v. Crosthwait, 135 Ala. 272, 33 So. 28(7); McClure v. Atlantic Life Insurance Co., 231 Ala. 252, 164 So. 58(3); Mitchell v. Kinney, 242 Ala. 196, 5 So.2d 788(12). The instrument bore on its face a signature that the witness Little testified was put there by Mr. Poohl in his presence.

The "Uniform Straight Bill of Lading," even if nothing more than a receipt as contended by appellants, was properly received in evidence. It was made out in the presence of Mr. Quick, who directed the shipment of the cattle to Mr. Poohl. This instrument showed the consignee to be Mr. Poohl.

Section 52, Title 57, Code 1940, reads in pertinent part as follows:

"(1) Where, in pursuance of a contract to sell or a sale, the seller is authorized or required to send the goods to the buyer, delivery of the goods to a carrier, whether named by the buyer or not, for the purpose of transmission to the buyer is deemed to be a delivery of the goods to the buyer, except in the cases provided for in section 25, rule 5 of this title, or unless a contrary intent appears. * * *"

The cattle here in question were delivered to a public carrier for transportation to Mr. Poohl.

Introduced in evidence by Mr. Poohl was his affidavit, dated September 19, 1962, in which he stated that he was the consignee and owner of the 101 head of cattle consigned to him by bill of lading issued by Gulf States Transport, Inc. (the public carrier). The instrument gave Lloyd & Dinning, attorneys at Demopolis, authority to represent him in whatever legal action was necessary to secure release of the cattle.

For the prejudicial error of the court in sustaining objection of claimant to the statement which witness Little testified was signed by claimant in his presence, the judgment of the trial court is reversed and the cause remanded for further proceedings in accordance with law as the parties may elect.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.