[McLeod v. Shelly Manufacturing & Improvement Co.]

# McLeod v. Shelly Manufacturing & Improvement Co.

*Motion for New Trial.*

1. *Motion for new trial.—Newly discovered evidence.*—On a motion for a new trial on the ground of newly discovered evidence, the affidavit must show not only the materiality of the evidence, but also, (1) That the newly discovered evidence is not merely comulative, and (2). That due diligence had been unavailingly used by the movant prior to the trial.

2. *Same. Corroborating affidavits.*—On a motion for a new trial on the ground of newly discovered evidence the motion should set forth the names of the witnesses who would testify to the facts alleged to have been newly discovered, and be accompanied by the affidavits of said witnesses as to what they would testify in reference thereto.

3. *Same.—Unavoidable absensence of counsel.*—A motion for a new trial on the ground of unavoidable absence of counsel should not be granted where it appears, that by the exercise of due diligence and prudence, counsel could have been present.

4. *Same.—Discretion of lower court.*—The rule that the action of the lower court in granting or refusing a new trial will not be reversed unless it appear to be clearly erroneous, has no application where the facts are undisputed, and the only conclusion to be drawn is one of law.

APPEAL from the Circuit Court of Shelby.
Tried before Hon. R. W. COBB, special judge.

CASSADY, BLACKWELL & KEITH, for appellant cited :— 16 Am. & Eng. Encyp. of law, 655; *Barrett v. Dodge,* 27 Am. St. Rep. 777 ; Thompson on trials, vol. 2. § 2762; *Jones v. State,* 104 Ala. 30 ; as to absence of counsel : 16 Am. & Eng. Encyp. of Law, 5386 ; 31 Ala. 400; *Ib.* 535, 65 Ala. 79. See also as to principles involved in this case : 66 Ala. 538 ; 60 Ala. 267 ; 59 Ala. 409; 54 Ala. 577; 50 Ala. 9 ; 49 Ala. 385 ; 40 Ala. 583; 31 Ala. 400 ; *Ib.* 535.

KNOX BOWIE & PELHAM, with whom was FRED L. BLACKMAN, *contra.*
Absence of Counsel :—*First National Bank of Storm*

*Lake v. Harwick*, 37 N. W. Rep. 171; *Chesapeake & Ohio Ry Co. v. Hickey* 22 S. W. Rep. 441; *Beckham v. Morrison*, 20 S. W. Rep. 197; *Hill v. Crump*, 24 Ind. 291; *Montgomery & Co. v. American E. Co.* 47 Ia. 91; 65 N. C. 76. Newly discovered evidence :—*Nelson v. Shelby Mfg. & Imp. Co.*, 96 Ala. 515; *Hosford v. Hosford*, 42 N. W. Rep. 1018; *Clegg v. New York Newspaper Union*, 4 N. Y. Sup. 280; *Kreiger v. Hanover Nat. Bank*, 16 So. Rep. 353; *Murry v. Webber*, 60 N. W. Rep. 492; *McDonald v. Early*, 40 N. W. Rep. 410; *People v. Sutton*, 15 Pac. Rep. 86.

McCLELLAN, J.—This is an appeal from a judgment of the circuit court granting a new trial. The motion therefor was made on the following grounds: "1. Newly discovered testimony. 2. The defendant had a meritorious defense to said cause of action, but was prevented from asserting the same by the unavoidable absence of its counsel. 3. The defendant's counsel, who had charge of the case and who alone understood the facts, was unavoidably detained from the court at the time said cause was tried, and defendant had a meritorious defense."

The only evidence adduced is support of the first ground was the affidavit of T. G. Bush, the president of the defendant corporation. This affidavit in general terms affirms that since the trial of the cause the defendant has discovered certain new testimony "which was not known before the trial of the cause, which is material to the defense of the suit, and which can be furnished upon trial." A material inquiry in the case being whether the plaintiff McLeod, and one Hammond took possession of certain lots which they had bought from defendant, the bargain and sale resting in parol, the affidavit was that the newly discovered testimony went to show that said purchasers placed said lots in the hands of L. W. Hammond & Co. a real estate firm, that said firm controlled said lots for a month or more and until they retired from the real estate business, and that during this time they offered said lots for sale, showed them to investors for this purpose and had entire charge of them. This testimony was relevant to the issue involved. *Nelson v. Shelby Manuf'g & Imp. Co.*, 96 Ala. 515. But the facts stated in this affidavit fall short of making a

case for the granting of a new trial in at least two par-
ticulars. In the first place it is not made to appear but
that the newly discovered evidence is merely cumulative
upon the point to which it relates to evidence which was
adduced on the trial; and hence the new trial should
not have been granted upon it.—2 Thomp. on Trials,
§ 2762; 1 Gra. & Wat. New Trials, 438; 3 *Ib.* 1046 *et
seq*; 1 Hayne New Trial & Appeal, § 90; 16 Am. & Eng.
Ency. of Law, p. 575; Hill, New Trials, 380. In the
next place there is no attempt in the affidavit to show
what diligence had been unavailingly used by the de-
fendant before the trial was had to discover this testi-
mony, nor indeed that any diligence had been used or
any efforts made to that end, nor in any way that the
defendant was without fault in not having discovered in
time to have presented it on the trial; and for this reason
also the motion, so far as this ground is concerned,
should have been denied.—2 Thomp. on Trials, § 2762;
1 Gra. & Wat. on New Trials, pp. 473 *et seq.;* 3 *Ib.*, pp.
1036 *et seq.;* 1 Hayne New Trial & Appeal, § 92; 16
Am. & Eng. Ency. of Law, pp. 567 *et seq.*, 655-6; Hill,
New Trials, 377, 393. And, moreover, the names of the
witnesses who would have deposed to the facts alleged to
have been newly discovered should have been stated,
and their affidavits setting forth the facts to which they
would testify should have been taken and submitted on
the motion, or the failure to take them should have been
accounted for.—16 Am. & Eng. Ency. of Law, pp. 657-8;
1 Hayne New Trial & App., § 93; 3 Gra. & Wat. pp.
1065 *et seq.; Jones v. State*, 17 So. Rep. 284; 2 Thomp.
on Trials, § 2762; Hill, New Trials, 393.

The evidence in support of the second and third grounds
of the motion is the affidavit of defendant's counsel in
consequence of whose alleged unavoidable absence from
the court a new trial is prayed. This affidavit in respect
to counsel's efforts to be present when the case was
reached for trial at Columbiana, the place of trial, and
the reason for his failure therein is as follows: "That
affiant was in the city of Montgomery on important bus-
iness on the day previous to the day set for trial, and left
the latter city on the night train for Calera, Alabama,
reaching that place about twelve o'clock that night, the
train being somewhat delayed. That affiant arranged
for a hack to leave early next morning, and started from

Calera as soon as conveyance could be secured and also telegraphed to the judge of the court, Hon. LeRoy F. Box, that he was on his way to court, and requesting that the case be passed until he could reach the court. That said telegram was put in the Western Union office about seven or eight o'clock A. M., and in abundant time to have reached the judge before the case was called for trial, but it was not in fact delivered until after the trial had been entered upon. The trial was concluded before affiant could reach the court.'' The defendant meantime had employed counsel to apply for a postponement or continuance on account of the absence of his counsel, but this the court refused. Counsel further affirms that he ''verily believes defendant has a meritorious defense to said suit which can be presented on another trial.'' And the affidavit of Bush shows that so far as plaintiff's demand for money had and received, &c., is based on the sale of lots to Smith there is a good defense for that Smith did not pay the price thereof but gave his due bill instead. So that the question is whether counsel showed due diligence in respect of his efforts to be present when the case was called for trial. Appellant insists that requisite diligence was not shown in that it was made to appear by affidavit ''that there was a regular passenger train on the East Tenn., Va. & Ga. R. R. which runs from Calera to Columbiana passed over said road between the hours of 1 o'clock A. M. and the hour of the meeting of the court, coming from Calera to Columbiana on the day said cause was tried; and that passengers on said train reached Columbiana before the opening of court on said morning.'' This affidavit is not controverted. In our opinion the facts stated in it are fatal to the defendant's motion for a new trial on the ground of the unavoidable absence of its counsel. They show that counsel could have been present at the court when the case was reached if he had availed himself of the ordinary and usual mode of travel between the place where he was at 12 o'clock the night before and the place where the court was held. Due diligence, ordinary care and prudence, it seems to us, required that he should have availed himself of this means to have been present, and having failed to exercise the diligence the law exacts in the premises the defendant is not entitled to a new trial on account of counsel's consequent absence.—Hill on

[Anniston Loan & Trust Co. v. Ward & Co. *et al.*]

New Trials, p. 420 ; 2 Hayne.New Trial & App., § 351 ; 1 *Ib.*, § 80; 1 Gra. & Wat., pp. 166 *et seq.;* 16 Am. & Eng. Ency. of Law, pp. 538 *et seq.; Hoskins v. Hight,* 95 Ala. 284.

Moreover, if we concede that there was not time or opportunity for counsel to have reached Columbiana leaving Montgomery the night before, he would still have been in fault in being in Montgomery at that time.

We recognize the rule that the action of the lower court in granting or refusing a new trial will not be reversed unless it appear to be clearly erroneous, something being left to the discretion of the trial judge, but we do not see how that doctrine can help this case where the facts are undisputed, are presented here in the same manner they were presented below—by affidavits—and where the only conclusion to be drawn from them is one of law.

The judgment granting a new trial is reversed, and the motion therefor is denied and dismissed; and the original judgment of the court is reinstated.