(92 South. 553)

## MALONE COAL, GRAIN & MOTOR CO. v. HALE. (6 Div. 644.)

(Supreme Court of Alabama. April 20, 1922.)

1. New trial ⬧═124(1), 150(1)—Motion for new trial for newly discovered evidence should state names of witnesses and be accompanied by their affidavits.

A motion for new trial for newly discovered evidence should state the names of the witnesses, and be accompanied by their affidavits.

2. New trial ⬧═108(3)—Newly discovered evidence held insufficient to justify new trial.

A motion for new trial of an action wherein the seller of an automobile under a conditional contract recovered possession thereof from one who took possession after one to whom it was sold by the purchaser left the country, on the ground of newly discovered evidence that the fact of retention of title by plaintiff was indorsed on a note executed by the second purchaser, together with a state-

ment that it was attached to the contract as additional security to plaintiff, and a provision signed by the first purchaser obligating him to pay it if the maker failed, *held* insufficient in the absence of proof that such notation was made contemporaneously with the second sale, of which plaintiff testified he did not know until afterward.

**3. New trial ⬤―108(1)—Not granted on newly discovered evidence unless it would probably change verdict.**

A new trial should not be granted on newly discovered evidence unless it would probably change the verdict.

**4. New trial ⬤―108(3)—Not granted for newly discovered evidence where it corroborated rather than contradicted the evidence of the adverse party.**

Where, in an action to recover an automobile sold by plaintiff under a conditional contract from one who took possession after one to whom the purchaser resold it left the country, there was no conflict as to plaintiff's consent to the sale, and only an inferential conflict as to whether he waived his rights under it or the mortgage, a new trial will not be granted for newly discovered evidence that the fact of retention of title by plaintiff was indorsed on the back of a note executed by the second purchaser, together with a statement that it was attached to the contract as additional security to plaintiff, and a provision signed by the first purchaser obligating him to pay it if the maker failed, whether or not such notation was made when the note was given, and plaintiff was present when the sale was made; the effect thereof being to corroborate rather than contradict his testimony that he did not waive his rights.

Appeal from Circuit Court, Cullman County; Robt. C. Brickell, Judge.

Action by the Malone Coal, Grain & Motor Company against Bal Hale. Judgment for plaintiff, and from an order granting a new trial, he appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed, and judgment reinstated.

The appellant sold to one James Crowden an automobile, retaining title until purchase price was paid. Crowden sold the automobile to one J. H. Newton, who left the country, and the defendant, Bal Hale, took possession of the automobile. Crowden took a note from Newton for the price of the car, and on the back of the note was indorsed the fact of retention of title by the appellant, with a statement that the note was attached to the contract as additional security to appellant, with the further provision that, in case Newton failed to pay, Crowden was held for his note as though the car was in his possession. This notation was signed by Crowden.

F. E. St. John, of Cullman, for appellant.

The court erred in setting aside the verdict on the ground stated. 108 Ala. 85, 18

South. 937; 98 Ala. 159, 13 South. 65; 166 Ala. 135, 52 South. 333; 143 Ala. 188, 38 South. 1020; 107 Ala. 496, 18 South. 175, 54 Am. St. Rep. 114.

A. A. Griffith, of Cullman, for appellee.

The only question reviewable is the action of the court in granting the new trial. 121 Ala. 636, 25 South. 1012; 144 Ala. 626, 39 South. 375. The court properly set aside the verdict. 72 Ala. 244; 95 Ala. 148, 10 South. 257; 141 Ala. 333, 37 South. 389.

ANDERSON, C. J. [1, 2] This is an appeal from the action of the trial court in granting a new trial for the defendant upon the sole ground of newly discovered evidence. Among other prerequisites to a motion for a new trial for newly discovered evidence it should set forth the names of the witnesses who would testify to the facts alleged, and be accompanied by the affidavits of said witnesses. The record discloses no affidavit from Crowden as to the substance or truth of the evidence as alleged in the motion and affidavit of counsel to have been divulged to him by said Crowden. McLeod v. Shelly Co., 108 Ala. 81, 19 South. 326. Crowden may have told counsel all that he sets forth in the motion and affidavit, yet there should have been an affidavit from Crowden that said facts were true. For instance, we have no proof from Crowden that the notation on the back of the note was made contemporaneous with the trade with Newton, and, if it was made some time subsequent thereto, it would not show that Turner witnessed the trade, and would not contradict him to the effect that he did not know of the trade until told by Crowden some time afterward.

[3, 4] Again, a new trial should not be granted on newly discovered evidence unless such evidence would probably change the verdict. Schlaff v. Railroad Co., 100 Ala. 377, 14 South. 105. As we understand the evidence in this case, there was no conflict between the witnesses Turner and Crowden as to the former's consent to a sale of the automobile to Newton. Crowden testified that Turner consented, and Turner did not deny this; in fact, he said he could give it away or do whatever he pleased with it; but they would not waive their rights under their mortgage or conditional sale. While Crowden testified to a consent, he did not testify as to an express waiver of the mortgage, and there was only an inferential conflict between them as to a waiver. The result is that this notation on the note, as witnessed by Turner, could not and should not change the verdict of the jury, as it rather corroborates instead of contradicting Turner as to the waiver of the mortgagee's rights, as it discloses a recognition of same and negatives a release of the car, whether said notation

was made at the time of the trade and the Newton note was given or afterward when Turner says Crowden told him the trade had been made. It might be that, if the defendant had shown that the notation was made when the note was given, and that Turner was present when the trade was made, this would contradict Turner that he did not know of the trade until afterwards informed by Crowden, but this fact is not set forth by an affidavit from Crowden. On the other hand, if it was, the contradiction would be immaterial, for, if the notation was made at the time of the trade, instead of afterward, it not only tends to negative a waiver of the mortgagee's claim to the automobile, but would indicate that Newton, as well as Crowden, understood that the new trade was not to operate as a release of plaintiff's claim to the automobile in the event the note was not paid.

We think the trial court erred in granting the new trial, and its action in so doing is reversed and set aside, and the original judgment is reinstated.

Reversed and rendered.

SAYRE, GARDNER, and MILLER, JJ., concur.