(137 So. 288)
## McCORMACK BROS. MOTOR CAR CO. v. ARNOLD.
### 6 Div. 744.

Supreme Court of Alabama.
Oct. 29, 1931.

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellant.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellee.

FOSTER, J.

This is an action for damages for personal injuries caused by an automobile of defendant operated by one Kirkland.

The trial was had on December 16, 1929, resulting in a verdict for defendant on account of written instructions to that effect given by the court. It seems to be agreed that this was done by the court because the undisputed evidence showed that Kirkland was not acting for defendant in the line and scope of his employment at the time. On December 21, 1929, plaintiff made a motion for a new trial, the third ground of which was based on newly discovered evidence of one McCluskey tending to show that on the same day and shortly before the accident he had seen Kirkland demonstrating the car and offering to sell it to a customer. The court later granted the motion on that ground, and defendant has appealed, and the rulings of the court in respect to that motion constitute the assignments of error.

December 21, 1929, was the last day of that term of the court. Upon the filing and presentation of the motion on that day to the judge of that court who tried the case, an order was made continuing it until January 18, 1930. It was duly continued from time to time, until June 28, 1930, when it was granted.

■ The first assignment of error which counsel argue is based upon the action of the court in overruling defendant's objection to the affidavit of McCluskey whose newly discovered evidence is the basis of ground 3 of the motion.

In the case of Malone Coal, Grain & Motor Co. v. Hale, 207 Ala. 335, 92 So. 553, following McLeod v. Shelly Mfg. & Imp. Co., 108 Ala. 81, 19 So. 326, it was not, we think, intended to hold that affidavits in support of a motion for a new trial based upon newly discovered evidence should be filed with the motion. The names of the witnesses who would testify to such facts should be stated in the motion, and their affidavits submitted on the hearing of the motion. Notice of such hearing and of the affidavits to be submitted on the hearing shall be given "one day before the argument." Rule 22 Circuit Court Practice.

A copy of the motion and of the affidavit of McCluskey relating to the newly discovered evidence were served on defendant more than one day before the motion was heard and submitted. Notice of the filing of the motion and affidavits is not otherwise required by the rules of practice. Objection to the affidavit of McCluskey was properly overruled.

■ The propriety of granting the motion on the ground asserted must be tested by the rules which have been settled in this state. We repeat them in order that we may test the sufficiency of the showing made in this case. There must not have been the lack of reasonable diligence in respect to ascertaining such matter before the conclusion of the trial. Its effect must render probable a different result. It must be material and competent, and not merely impeaching or cumulative. Fries v. Acme White Lead, etc., Works, 201 Ala. 613, 79 So. 45. The new evidence was certainly material and competent, not impeaching nor cumulative.

The question then remains, Was due diligence used, and would it probably have caused a different result? We will first treat the latter feature of the inquiry. The newly discovered evidence tends to show that Kirkland was using the car with which he caused plaintiff's injuries in the line and scope of his employment by defendant. The answers of defendant to interrogatories propounded to it under the statute show that when Kirkland, as salesman for defendant, "had a prospect for certain automobiles to sell, he was authorized to take that car to show to said prospect, but no car was given to him for his own use in connection with his relation with defendant." Such newly discovered evidence is to the effect that something like an hour and an half before the accident Kirkland was demonstrating the car to a prospective purchaser, and offering to sell it to him or to exchange it for another. If that is true, the jury may infer that he was then in the line and scope of his authority. It does not conclusively appear that he had thereafter departed from it. It would create a conflict in the evidence as to the use which he was making of it at the time. On the trial, the evidence was without conflict that he had taken out the car and had it in his possession using it for his own account at the time McCluskey says in his affidavit he was demonstrating it to a prospect. On such state of the evidence, the court gave the affirmative charge for defendant. With the

newly discovered evidence, there would be such a conflict on that essential element of plaintiff's case as to make it properly a jury question.

It is not our judgment that the court who heard the evidence was clearly wrong in holding that it would not have probably caused a different result. Certainly the affirmative charge would not have been given for defendant, and to that extent a different result would follow. The ultimate result would therefore have depended upon the credibility of testimony orally given in open court in connection with that of the newly discovered witness.

■ So there remains but one further inquiry, that of due diligence in connection with its discovery. It is certainly true that the movant or his agent or his attorney must have used ordinary diligence to discover the alleged new evidence before the trial ended. Smith v. Birmingham R. L. & P. Co., 147 Ala. 702, 41 So. 307; 46 C. J. 384, and authorities supra. Or it should appear that such diligence would not have effected a discovery of the evidence. But we take it that this does not mean that they all must do so else negligence will be charged to plaintiff.

Plaintiff in this case was a minor girl, suing by next friend, her father. There were two active attorneys for her on the trial. Complaint is made that no affidavit of sufficient diligence is shown by them. But if ordinary diligence is shown by others, the duty is discharged, or if the circumstances show that such diligence would not have probably discovered the evidence, it is not necessary. The new witness deposes that his job was to drive an ambulance for Luquire, and did drive one to the scene of the accident, but arrived there after another had conveyed plaintiff away; that he saw Kirkland there in a car which he had seen him demonstrating to one who was apparently a customer. It is true that before the trial plaintiff was informed by defendant's answers to interrogatories that it disclaimed responsibility for Kirkland's conduct because of its claim that he was outside the scope of his employment. Therefore plaintiff knew the value and necessity of some evidence on that claim. But merely because McCluskey was at the scene shortly after the occurrence, of which fact plaintiff's father had been informed, that circumstance would not naturally suggest an inquiry whether he had seen Kirkland earlier that day demonstrating the car, or whether he knew any circumstance tending to show the relation of his conduct to defendant. The affidavits show that there were many who were at the scene soon after the accident and/or were there when it occurred.

We think that it would exact more than ordinary diligence to expect that inquiry be made of them all or any of them as to that question, unless some intimation of knowledge of a relevant circumstance as to it be voluntarily imparted by the witness, or otherwise suggested or known to plaintiff, her agents or attorneys. The manner in which plaintiff's father ascertained what the witness knew was a natural sequence of events, though it occurred shortly after the trial, and in the nick of time, and was not due to any diligence which he should have exerted before the trial ended. He was at plaintiff's house on a mission of his own, and naturally the case was discussed with her father, and he made inquiry as to why plaintiff had lost the case. Upon being told of this lack of proof, he volunteered information as to what he had seen. We do not see how ordinary diligence could have been expected which would lead to a knowledge of such evidence. In order to be chargeable with a want of due diligence, we must find that such diligence would have probably discovered the evidence before the trial was concluded. The discovery of the evidence after the trial was by accident, and not by diligence. Kansas City, M. & B. R. Co. v. Phillips, 98 Ala. 159, 13 So. 65.

But it is claimed that one of plaintiff's counsel did not make a showing of his want of knowledge of such evidence before the close of the trial—citing 46 Corpus Juris 383. One of them did make such affidavit. But the circumstances disclosed by the affidavit of McCluskey as to when and how he happened to inform plaintiff's father, we think, justify a reasonable inference that neither of the lawyers had such information.

It is therefore our judgment that there was no reversible error in granting the motion for a new trial.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.