## WILLIAMS v. RIDDLESPERGER.
### 6 Div. 359.

Supreme Court of Alabama.
May 18, 1933.

Rehearing Denied June 22, 1933.

Pennington & Tweedy, of Jasper, for appellant.

Gray & Powell, of Jasper, for appellee.

114

FOSTER, Justice.

Appellee obtained a judgment against defendant V. H. Williams, now of San Antonio, Tex. It was dated September 22, 1928. Garnishment was issued March 2, 1929, by which plaintiff sought to subject the interest of defendant in his father's estate. Claimant, appellant, alleged that he acquired such interest of defendant, his brother, by a transfer and assignment dated January 10, 1929. The question was whether such assignment was in fact executed prior to March 2, 1929, and on said January 10, 1929, and whether, though it purported to be in consideration of a past due debt, such a debt was bona fide to the amount of the value of the interest assigned.

■ Since plaintiff was a judgment creditor existing at the date of the assignment, the burden was upon claimant to prove the execution of the assignment before the execution of the writ of garnishment and the existence of a bona fide debt owing by defendant to claimant of an amount equal to the value of the property so assigned. London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359.

It was claimed that the assignment was executed on January 10, 1929, by defendant, who was a practicing physician, then residing in San Antonio, Tex. The depositions of witnesses to the instrument sustained such claim. On the other hand, certain records in the probate office at Jasper, pertaining to the proceedings leading to the probate of the will of the father of defendant and of claimant, tended to show that defendant was present in such office on that day, and could not have been in San Antonio at the same time. This situation created a disputed material fact affecting inferences, on which other circumstances tended more or less to support one or the other conclusion.

All the evidence was given by witnesses in the presence of the court, sitting without a jury, except the depositions of San Antonio witnesses. Defendant was present at the trial, and testified fully in respect to the entire transaction; that he was not in Jasper on January 10, 1929, but the will was filed January 7, 1929, and he left that day and went home, reaching San Antonio on the 8th, and was in his office on and after January 9th; that the papers so dated were sent to him for signature.

■ The finding and judgment of the court are as the verdict of a jury, and will not be disturbed, except for reasons and under circumstances when we would reverse the trial court in refusing to set aside a verdict to like effect. The primary responsibility is on the trial judge hearing and seeing the witnesses and the incidents of the trial not available on appeal.

We do not think the finding, if it was to the effect that the assignment was not executed on January 10, 1929, nor until after the execution of the writ of garnishment, was so apparently and certainly contrary to the great weight of the evidence and its inferences as to require us to reverse the holding. But the record does not show on what special finding the judgment was based. It might have been a failure to give full credit to the testimony touching the bona fide existence of the debt claimed to be the consideration of the assignment. There are many circumstances which tend to impeach the debt.

■ The claimant making the loan was employed at the time at a small salary, whereas the defendant was a prosperous physician. The loans were made in various uncertain amounts, and at various times also uncertain. No bank checks were given, but only cash advances made, out of money kept at home, and the only entries made were in some nature of memorandum book which had been destroyed. There was a note given for it, however, some years before the date of the assignment; whether before or after the claim of plaintiff arose, on which her judgment was rendered, does not appear. No

payments on the note were made, nor effort to collect any. During all this time defendant appeared to be prosperous, and claimant is not shown to have had a surplus of resources. So that, when reviewed in the light of the presumptions and burdens which obtain on the consideration of this appeal, the findings of the court should not be reversed by us.

On the motion for a new trial, claimant offered to show newly discovered evidence on the issue of whether defendant was in San Antonio or Jasper on January 10, 1929. Such evidence was material on that question, and it may have induced a different conclusion had it been before the judge on the trial. It can hardly be reconciled with the theory that he was not in San Antonio on that day. There seems to be an irreconcilable conflict in the circumstances bearing on that question, in the light of such newly discovered evidence.

Defendant testified that he was in the office of the probate judge in Jasper on Monday, January 7th, when the will was left for probate; but it is marked filed on January 10th. The affidavit to the petition was dated and filed on that day. It was not signed by defendant, but by another brother. The acceptance of service of citation by all the heirs, including defendant, was dated January 11th. Those heirs were numerous and resided at various places. Defendant testified that he was in San Antonio at the time.

■ The court overruled the motion for a new trial. So far as the right to a new trial is based on that ground, it may be sufficient to say that there was not shown a sufficient compliance with the rules. Though claimant may not have known of the existence of those details, they were known to defendant who was present at the trial and testified, and was in conference with claimant during the trial, and his testimony supported claimant. The latter could then have ascertained such facts in a general way by inquiry of defendant who knew them, and should have so inquired, knowing that defendant claimed to be in San Antonio at the time, and should have asked the court for time to secure corroborating proof. But he chose rather not to do so, but take chances on a favorable result. It is also true that the newly discovered evidence was none other than corroborative of the testimony given by the defendant. Such evidence must also be of a sort as probably to change the finding, not on one matter involved in the controversy, but affecting the final outcome of the suit. The trial judge may have found that there was no sufficient bona fide debt for the payment of which the assignment was made, as he could have found from the unsatisfactory nature of the evidence. Thompson v. Tower Manufg. Co., 104 Ala. 140, 16 So. 116. On that question, the newly discovered evidence was not material. In that aspect of the situation, we cannot say that appellant has met all the requirements of the burden to justify the granting of a new trial for newly discovered evidence. Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45.

Other questions involved in the motion are here otherwise considered.

■ We cannot agree with appellant that the financial status of defendant and claimant and their respective sources and amount of income were not material on the question of bona fide existence and amount of the debt claimed to be the consideration of the assignment, and its continued existence without payment until the date of the assignment. Thompson v. Tower Manuf'g Co., supra; Reeves v. Skipper, 94 Ala. 407, 10 So. 309; Harrell v. Mitchell, 61 Ala. 270.

■ Upon well-settled principles, a witness, who has made a record and knows his handwriting and that the record is genuine, but actually recollects nothing of the controverted features of the transaction, may testify that he knows from his general practice in making such records that what he wrote was true. It is said that such testimony shows that he did know the record to be correct, though he has no present recollection of the matter so recorded. 2 Wigmore on Evidence (2d Ed.) § 747; Graham v. Lockhart, 8 Ala. 9; Hale v. Stone, 14 Ala. 803; Hancock v. Kelly, 81 Ala. 368, 2 So. 281; 22 Corpus Juris, 944, 945 (note 56); 40 Cyc. 2465; Mims v. Sturdevant, 36 Ala. 636.

There does not appear to be reversible error in the matters presented on this appeal.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.