189 So. 183

**McDOWELL v. STATE.**

6 Div. 375.

Supreme Court of Alabama.

May 11, 1939.

Rehearing Denied June 8, 1939.

Albert Boutwell, M. B. Grace, and Robert Giles, all of Birmingham, for appellant.

104

Thos. S. Lawson, Atty. Gen., and Geo. Lewis Bailes, Sol., and Robt. G. Tate, Dep. Sol., both of Birmingham, for the State.

ANDERSON, Chief Justice.

The most seriously contested question upon this appeal relates to the establishment of the corpus delicti.

 It is well settled in this jurisdiction that it is the province of the judge to determine whether there is testimony sufficient to make it appear prima facie that the offense has been committed. The evidence on which the judge acts may not necessarily establish the corpus delicti. It may be, and often is, conflicting and contradictory. In such case, the credibility of the witnesses and the sufficiency of the entire evidence are for the ultimate decision of the jury. Winslow v. State, 76 Ala. 42; Ryan v. State, 100 Ala. 94, 14 So. 868; Martin v. State, 125 Ala. 64, 28 So. 92.

 The corpus delicti is a fact, proof of which may be made by circumstantial evidence. If there is a reasonable inference deducible from the evidence of its existence, the court must submit the question of the sufficiency and weight of the evidence tending to support that inference to the jury. Martin v. State, supra; Lewis v. State, 220 Ala. 461, 125 So. 802; Wilson v. State, 191 Ala. 7, 67 So. 1010; Newell v. State, 115 Ala. 54, 22 So. 572.

 There was sufficient evidence to make out a reasonable inference that the party who was shot on the early morning in question was Walter Parker as named in the indictment and that death must have resulted from the shots fired into him as he has never since been seen or heard from and he was last seen in the presence of the defendant and his companions who picked him up and went off with him in the car and blood and brains were found on the ground where he was shot. This not only made out a prima facie case to be submitted to the jury but to authorize them to find beyond a reasonable doubt that the party shot and removed by the defendant and his companions was Walter Parker and that he was then dead or mortally wounded.

For a full and learned discussion of this question, see State v. Williams, 46 Or. 287, 80 P. 655, which cites and quotes from many reported cases and text books supporting our holding.

 As there was proof sufficient to authorize the court to submit the question of the corpus delicti to the jury, there was no reversible error in overruling the objections of the defendant to the evidence based upon the failure to show the corpus delicti, whether they came before or after the same had been established. The trial judge may determine the order of the proof. Scott v. State, 141 Ala. 1, 37 So. 357; Parham v. State, 147 Ala. 57, 42 So. 1.

 The trial court did not commit reversible error in excusing witness Jackson from the rule. "When witnesses are placed under the rule, it is discretionary with the presiding judge, to permit exceptions to its enforcement," Hall v. State, 137 Ala. 44, 34 So. 680; Riley v. State, 88 Ala. 193, 7 So. 149; Jarvis v. State, 138 Ala. 17, 34 So. 1025.

 The trial court did not err in refusing to exclude the statement of Mark Smith that when he went to the place of the shooting among other things he found and saw were "his brains." The witness testified that "he knew brains when he saw them" and we do not think that it requires only an expert to identify brains. As to being the brains of the deceased Parker, that was not an opinion, but the statement of a fact deducible from all the facts seen by him. He saw the shooting and saw the man fall and picked up and put in the car and, while he ran away a short distance, he immediately returned to the spot where the man fell and merely made a shorthanded rendition of the facts discovered by him and he was open to cross-examination to test the accuracy of his evidence.

The cases of Walker v. State, 153 Ala. 31, 45 So. 640, and Sutherland v. State, 24 Ala.App. 573, 139 So. 110, are not opposed to the present holding.

We find no such misconduct on the part of the prosecutor as to put the trial court in error for a failure to withdraw the case from the jury and enter a mistrial.

 There was no error in permitting the State, upon cross-examination of the defendant when a witness, to ask if he and the deceased Walter Parker had had trouble before this time and if he did not have an indictment placed against him growing out of a shooting between the

deceased Walter Parker and himself. This was competent as tending to show motive. Childs v. State, 55 Ala. 28; Hodge v. State, 97 Ala. 37, 12 So. 164, 38 Am.St.Rep. 145; Nickerson v. State, 205 Ala. 684, 88 So. 905, and cases there cited.

Martha Kinder, a domestic servant for Mrs. Mollie Johnson, was an important witness for the State and testified as an eyewitness to the homicide and of seeing the defendant and upon cross-examination she testified that she did not mention or report this to any one except her white people. Mrs. Mollie Johnson, the lady for whom she cooked, was then put upon the stand to impeach or discredit the witness and testified that Martha Kinder never said anything to her about having seen or knowing anything about the killing. Having brought out this evidence by Mrs. Johnson to discredit the witness, the trial court did not err in permitting proof of the good character of the said witness. Towns v. State, 111 Ala. 1, 20 So. 598; Tilley v. State, 167 Ala. 107, 52 So. 732. For a full discussion of this question, see the well considered case of Dickson v. Dinsmore, 219 Ala. 353, 122 So. 437.

There is no merit in the exceptions to the oral or general charge of the court.

Charge 1, refused the defendant, was condemned in the case of Ex parte Davis et al., 184 Ala. 26, 63 So. 1010, and cases cited, and which said Davis case expressly overruled the cases holding that the refusal of such a charge was error.

Defendant's refused charges 3 and 4 were, in effect, condemned in Whittle v. State, 213 Ala. 301, 104 So. 668. Moreover, they, like 5 and 7, were substantially covered by the general charge of the court.

Refused charges 10, 11 and 14 were either substantially covered by the general charge of the court or the defendant's given charges, especially given charge 12.

There was no error in refusing the defendant's requested charge 8. It is faulty for the use of the word "very." Moreover, the evidence was not entirely circumstantial.

Defendant's refused charge 9 was condemned in the case of Burkett v. State, 154 Ala. 19, 45 So. 682.

Defendant's refused charges A, B, C and D were the general charges as to the different degrees of the offense charged and were refused without error.

As the trial court committed no reversible error upon the main trial, there was no error in refusing the motion for a new trial as upon the grounds urged in the original motion for a new trial. The motion for a new trial was amended by adding the ground of newly discovered evidence. Conceding, without deciding, that the movant showed the proper diligence, we can not say that this newly discovered evidence was such as to impress the trial court, who saw and heard the witnesses, or that this newly discovered evidence would have probably changed the result. Williams v. Riddlesperger, 227 Ala. 113, 148 So. 803; Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; McCormack Bros. Motor Car Co. v. Arnold, 223 Ala. 504, 137 So. 288; Brown v. Brown, 200 Ala. 554, 76 So. 912; Sharp v. Clopton, 218 Ala. 140, 117 So. 647.

The judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.