11 So.2d 386

### STONE v. STATE.

### ANDERSON v. SAME.

### CATCHINGS v. SAME.

5 Div. 346, 347, 348.

Supreme Court of Alabama.

Jan. 14, 1943.

606

Wm. N. McQueen, Atty. Gen., and W. W. Callahan, Asst. Atty. Gen., for the State.

Felix L. Smith, of Rockford, Chas. S. Bentley, of Goodwater, A. L. Crumpton, of Ashland, and L. H. Ellis, of Columbiana, for appellants.

**BOULDIN, Justice.**

Appellants were separately indicted for rape. The crimes having been committed, if at all, on the same occasion upon the same victim, the cases were tried together. A verdict of guilty was returned against each of them. Separate records are filed on appeal, each identical with the other, save that a separate indictment, verdict, judgment and sentence appears in each case. The questions raised on appeal being common to all, they are treated together.

Three young men, twenty-six to twenty-eight years of age, shown by unchallenged evidence to have theretofore sustained good characters, took three senior high school girls, sixteen to eighteen years of age, whose characters are unquestioned, for an automobile ride on a Sunday afternoon. They returned late at night. The boys were arrested that night on a charge of having forcibly ravished one of the girls, eighteen years of age. On the trial the three girls, witnesses for the State, testified that over their requests to be taken home, the party was driven to a wooded section on an unpaved road, and there parked until far into the night. With much detail their testimony fully sustained the charges that two of the boys committed the crime at this place, and the third on the back seat while enroute home; that interference by the other two girls was prevented by threats and forcible detention. The prosecuting witness testified that after the other two girls were returned to their homes and while enroute to her home, another stop was made, when each of the boys again ravished her.

The three young men testified with much detail, denying the several criminating facts deposed to by the State witnesses. They admitted intercourse with the prosecuting witness at the times and places deposed to by the three girls, but insist it was with her consent, and gave their version of details disclosing consent. They denied all intercourse for the second time.

We purposely omit further recitals of the evidence. Suffice to say the evidence made a clear issue for the jury, submitted to them under a correct and carefully worded oral charge, and many instructions given in writing at defendants' request.

But few questions raised on the trial call for comment.

Dr. Chapman, a witness for the State, after testifying to an examination of the person of the prosecuting witness a few hours after the occurrence, was asked: "I will ask you this; if a virgin who had never had intercourse with any one had had intercourse over a period of three or four or five hours six different times with three different men, could that happen and her not be lacerated or torn." He answered: "It could." Other questions in same connection made direct inquiry whether the examination, in the opinion of the witness, disclosed this was the first time she had sexual intercourse. Witness answered: "I don't think anybody could tell whether it was the first time or not." Appellants complain that the inquiries called for no legal evidence, argues that whether she had sexual intercourse before could shed no light on the issue in this case, and this line of questions tended to arouse bias and prejudice against defendants in the minds of the jury.

This line of examination was anticipatory of evidence of consent. The objective was to advise the jury by professional evidence that what appeared on examination did not evidence former intercourse by an unmarried girl.

Unchastity of a prosecuting witness is a circumstance which may be shown by the accused where the issue of consent is presented. The evidence is usually limited to proof of general character in that respect, not by evidence of particular acts. The basis of such rule, we take it, is the same as in other cases, the unwisdom of opening the door to collateral issues tending rather to hinder than to promote justice. But the purpose of such evidence is to prove unchastity, a matter going to the issue of consent vel non. Story v. State, 178 Ala. 98, 59 So. 480, 481; McQuirk v. State, 84 Ala. 435, 4 So. 775, 5 Am.St.Rep. 381; Boddie v. State, 52 Ala. 395; Griffin v. State, 155 Ala. 88, 46 So. 481; Patterson v. State, 224 Ala. 531, 141 So. 195.

608

In the instant case there was no evidence of general character of prosecuting witness tending to show unchastity. By expert evidence the State sought to prove the conditions found on examination did not evidence unchastity, and further that they did evidence nonintercourse prior to this occasion. The answers, as a whole, were entirely neutral, neither aided nor injured either party. We find no prejudicial error in the rulings of the trial court in the matters here considered.

Without dispute it appeared the boys had two bottles of whiskey in the car, and they each took a drink on two occasions during the trip. There was no error in permitting the State to cross-examine defendants touching the time the whiskey was acquired and put in the car. This was a circumstance connected with the trip and making preparation therefor.

Evidence of deputy sheriff Harris that the girls took him to the scene of the occurrence and pointed out places where certain acts were performed, as testified to by them, was preliminary to evidence of what the officer saw upon the ground. Further evidence of the officer was properly confined to what he saw. Evidence of what was said to him at the time touching distances one or more of the parties went from other points was mere hearsay. If sought to be used by defendant for impeachment purposes, a predicate should have been laid. It is within the discretion of the court to confine rebuttal examination to matters within the scope of cross-examination. The witness gave his own estimate of the distance inquired about. For these reasons the rulings complained of on the examination of the officer, Harris, were free from error.

It appears the trial court indorsed "given" upon an affirmative charge requested in writing by defendant. One ground of the motion for a new trial was that the verdict was contrary to the law as given by the court. In response to this, evidence of the clerk was admitted disclosing that when reading the given charges, the court, discovering that he had inadvertently indorsed the charge in question "given," withdrew it, handed it to the clerk with directions to file it with the refused charges, which was done, and the charge never went to the jury. There was no erasure of "given" nor indorsement of "refused." Appellant insists that the charge

became a part of the record not to be contradicted by parol. The instruction was in direct conflict with the oral charge, and to like effect of several other refused charges. The power of the court to withdraw instructions actually given the jury is unquestioned. While the law provides the court shall give or refuse charges requested in writing, and indorse them accordingly, we do not think the failure to correct the indorsement made this charge a part of the record in the case beyond the control of the court, foreclosing evidence of the facts as stated by the clerk, and of course within the knowledge of the trial judge who made a statement corroborating the clerk. We cannot reverse on such grounds. Williams v. Riddlesperger, 227 Ala. 113, 148 So. 803.

A special ground of the motion for new trial related to bias and misconduct of a juror who qualified and became one of the jury trying the case. In substance it was charged that at the court house on the morning the trial began, this juror declared the defendant was guilty, ought to be in the penitentiary, and if he were on the jury that's where he would go.

On the hearing affidavits of three men supporting this allegation were filed; also affidavits of defendant's counsel and all the defendants disclaiming any knowledge of such facts until after the trial.

The State examined the juror in open court, who denied making the statements alleged. Another witness, examined orally, gave corroborative evidence to the effect that he was with one of the affiants continuously during the time alleged and no such statement was made by the juror. The court, over objection of defendant, admitted oral testimony of the wife of the juror to the effect that certain friends of defendant, including witness's brother, came to defendant's home soliciting him to sign a paper designed to procure a new trial, and told the wife to tell the juror he could have fifty dollars if he would sign the paper.

Appellant argues this testimony of the wife was inadmissible upon ground that it is not shown defendants or their counsel had any hand in this affair; that this illegal evidence influenced the ruling of the trial judge on the motion in that he noted in his ruling that he was much impressed by the testimony of the three witnesses examined orally, naming them. We take it

the trial judge, fully aware of a lack of evidence connecting defendants or their counsel with an effort to procure evidence by corrupt methods, nevertheless deemed the fact that their friends were so engaged a circumstance to be received in evidence and considered along with the other evidence in passing upon the question of bias and misconduct on the part of the juror. Such evidence addressed to the judicial mind is not subject to the hazards of addressing it to a jury. We cannot predicate reversible error on this point.

Another ground for motion for new trial was newly discovered evidence. This ground of the motion is in these words: "For that the defendant since the trial has discovered new evidence material for him in said cause, tending to prove that he was not guilty of the offense charged, which evidence he could not with reasonable diligence have discovered and produced at the trial." This is substantially in the language of the statute listing in general terms the causes for which new trials may be granted. Title 7, Section 276, Code of 1940. But this statute does not deal with the rules of law long recognized as safeguards essential to the administration of justice in dealing with motions for new trial because of newly discovered evidence. Fulwider v. Jacobs, 221 Ala. 124, 127 So. 818. As far back as 1895, this court, in McLeod v. Shelly Manufacturing & Improvement Co., 108 Ala. 81, 19 So. 326, 327, set out the governing rules, among them this: "And, moreover, the names of the witnesses who would have deposed to the facts alleged to have been newly discovered should have been stated, and their affidavits, setting forth the facts to which they would testify, should have been taken and submitted on the motion, or the failure to take them should have been accounted for. 16 Am. & Eng. Enc. Law, pp. 657, 658; 1 Haynes New Trial & App., § 93; 3 Grah. & Wat. pp. 1065 et seq.; Jones v. State [35 Fla. 289], 17 So. 284; 2 Thomp. Trials, § 2762; Hill, New Trials, 393."

Again in Malone Coal, Grain & Motor Co. v. Hale, 207 Ala. 335, 92 So. 553, 554, it was declared: "Among other prerequisites to a motion for a new trial for newly discovered evidence it should set forth the names of the witnesses who would testify to the facts alleged, and be accompanied by the affidavits of said witnesses."

 Again in McCormack Bros. Motor Car Co. v. Arnold, 223 Ala. 504, 137

So. 288, 289, it was decided: "In the case of Malone Coal, Grain & Motor Co. v. Hale, 207 Ala. 335, 92 So. 553, following McLeod v. Shelly Mfg. & Imp. Co., 108 Ala. 81, 19 So. 326, it was not, we think, intended to hold that affidavits in support of a motion for a new trial based upon newly discovered evidence should be filed with the motion. The names of the witnesses who would testify to such facts should be stated in the motion, and their affidavits submitted on the hearing of the motion. Notice of such hearing and of the affidavits to be submitted on the hearing shall be given 'one day before the argument.' Rule 22 Circuit Court Practice."

This latter case, giving effect to Circuit Rule 22, Code 1940, Tit. 7 Appendix, is the law of the subject.

 The rule generally prevailing is that supporting affidavits giving the names of witnesses, the newly discovered facts relied upon, as well as other data set out in 23 C.J.S., Criminal Law, § 1484, pp. 1297 to 1300, should be filed with the motion.

That the motion itself, or supporting affidavits filed at the time, shall disclose the newly discovered evidence relied upon in substance and effect, and the names of the witnesses who will prove such facts, seems the all prevailing rule. Such is the rule of our cases, supra. The sound reasons for such rule are not far to seek. Otherwise a motion, such as here presented, may be no more than a fishing expedition. Quickened to utmost diligence by a conviction for grave crime, the parties may, by this method, pursue their quest for new evidence far beyond the time allowed by law for filing the motion; the opposing party meantime being wholly in the dark as to the issues to be presented on the hearing of the motion. The supporting affidavits, namely, affidavits of parties and counsel disclosing lack of knowledge of the newly discovered evidence at the time of the trial, and that they had no method of ascertaining the same prior to the trial, and could not have ascertained same by the exercise of reasonable diligence, were sworn to and filed on the date of the hearing, August 29, more than two months after the motion was filed. They do not disclose when or how the evidence was discovered. The affidavits of Arthur Lovelady, Alfred McCain, and John Brown, deposing to the most material matters presented as newly discovered evidence, were sworn to July 26, one month after the mo-

610

tion was filed. They disclose nothing touching the time or manner in which the facts embodied in their affidavits became known to defendants. This is not to say the affidavits could not be made at these dates under our Rule 22, but the dates and omissions in these affidavits are mentioned as disclosing the vital importance of the rule that the motion, or affidavits filed at the time, disclose the newly discovered facts and the names of the witnesses who will testify thereto on a new trial.

The motion for new trial on the ground of newly discovered evidence was properly overruled for reasons above indicated.

The oft-repeated rules touching diligence and probative effect of the new evidence, as applied to the particular case, need no discussion. We merely refer to authorities above cited, and add the following: Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; Scruggs v. State, 224 Ala. 328, 140 So. 405; Williams v. Riddlesperger, 227 Ala. 113, 148 So. 803; Cambron v. State, 227 Ala. 575, 151 So. 443; Slaughter v. State, 237 Ala. 26, 185 So. 373; McDowell v. State, 238 Ala. 101, 189 So. 183; Pounders v. Nix, 224 Ala. 393, 140 So. 564; Williams v. Birmingham Water Works Co., 230 Ala. 438, 162 So. 95; Patterson v. State, 224 Ala. 531, 539, 141 So. 195; Brown v. Standard Casket Mfg. Co., 234 Ala. 512, 175 So. 358; Houston v. State, 208 Ala. 660, 95 So. 145.

The cause has been considered with great care. We find no reversible error in the record. Let a judgment of affirmance be entered in each case.

Affirmed.

All the Justices concur, except LAWSON, J., not sitting.