162 So.2d 449

**NATIONAL SECURITY INSURANCE COMPANY**

v.

**Johnnie R. ELLIOTT.**

**6 Div. 775.**

Supreme Court of Alabama.

March 19, 1964.

**354**

Parsons, Wheeler & Rose, Birmingham, for appellant.

Nelson Vinson, Hamilton, for appellee.

COLEMAN, Justice.

This is an appeal by defendant from a judgment granting a new trial to the plaintiff in an action on a group accident insurance policy.

The original trial was before the court without a jury. The court rendered judgment for defendant. Within thirty days, plaintiff filed his motion for new trial which recites as follows:

"Comes the Plaintiff in the above styled cause and moves the Court to grant a new trial in this cause, a final judgement in the said cause was rendered March 3, 1961. For grounds for the above mentioned motion the plaintiff assigns the following:

"1. Evidence has been newly discovered, material for the plaintiff which could not, with reasonable diligence, have been discovered and produced at the trial of this cause on March 3, 1961.

"2. That the verdict or decision is not sustained by the great preponderance of the evidence."

Before hearing the motion, Judge Fowler, who had tried the case and rendered judgment for defendant, resigned. The motion for new trial was heard by Judge Fite who granted a new trial to the plaintiff.

The record contains the following stipulation:

"It is stipulated and agreed by Paul G. Parsons, counsel for defendant and Nelson Vinson counsel for plaintiff, that the Honorable Edward P. Fowler who was the judge presiding on March 3rd, 1961, rendered a judgment in favor of the defendant in the above styled case by finding that the plaintiff was not an employee of Wood Burleson Coal Company on February 13, 1959 when the plaintiff alleged that he received an accident but that the plaintiff was employed on February 13, 1959, by Claude Berryhill and that this was his reason for his decision; that Judge Edward P. Fowler resigned as Judge of said Court on the 10th day of April, 1961 and was *suceeded* by Judge Bill Fite.

"That no affidavits were introduced and no witnesses testified at the hearing on the motion for new trial in the case which was heard on April 24, 1961 and that the testimony taken at the trial of this case on March 3, 1961 has not been transcribed or read to Judge Bill Fite, that the motion for new trial was argued by counsel before Judge Bill Fite."

Defendant argues that neither one of the two grounds of the motion is supported by the evidence; that because Judge Fite, who granted the motion, had not heard the evi-

dence on the original trial, his ruling is not attended by any favorable presumption as to the ground that the judgment is not supported by the great preponderance of the evidence; that the original judgment is supported by the great preponderance of the evidence according to the established rule of review; and, therefore, that the court erred to reversal in granting the new trial.

Plaintiff has not filed a brief.

We consider the first ground of the motion. The motion is not sworn to. No affidavits are attached to the motion. There is no testimony taken on the hearing of the motion to show what the newly discovered evidence is, the names of the witnesses who would testify to the facts alleged, or that plaintiff was not guilty of lack of diligence in discovering the new evidence at the time of the original trial.

". . . . . '. . . . The names of the witnesses who would testify to such facts should be stated in the motion, and their affidavits submitted on the hearing of the motion. Notice of such hearing and of the affidavits to be submitted on the hearing shall be given "one day before the argument." Rule 22 Circuit Court Practice.'" Stone v. State, 243 Ala. 605, 609, 11 So.2d 386, 390.

■ Among other prerequisites to a motion for new trial for newly discovered evidence is the requirement that the motion should set forth the names of the witnesses who would testify to the facts alleged and be accompanied by the affidavits of said witnesses. Malone Coal, Grain & Motor Co. v. Hale, 207 Ala. 335, 336, 92 So. 553.

■ Again, a new trial should not be granted on newly discovered evidence unless such evidence would probably change the verdict. Malone Coal, Grain & Motor Co. v. Hale, supra.

■ In the instant case, plaintiff completely failed to comply with the above stated rules, or to excuse his failure to comply with them, and the court erred in granting the new trial on the ground of newly discovered evidence.

The second ground of the motion for new trial is that the decision or judgment for the defendant is not sustained by the great preponderance of the evidence.

■ It is to be remembered that this case was tried by the court without a jury. In such a trial, it seems axiomatic that the decision of the court has the effect of the verdict of a jury. Beasley v. Beasley, 256 Ala. 647, 649, 57 So.2d 69.

■■ In the case at bar, the new trial was not granted by the judge who tried the case and heard and saw the witnesses testify. At most, the judge hearing the motion could read, or have read to him, a transcription of the evidence given ore tenus on the original trial. The parties have stipulated that the testimony taken at the trial has not been transcribed or read to the judge hearing the motion. In reviewing the sufficiency of the evidence to sustain the verdict, the judge hearing the motion did not have the benefit of observing the witnesses, and there is no reason known to us why there should be any presumption that his ruling on the sufficiency of the evidence is correct. He was no better advantaged than the appellate court in reviewing the evidence. It is, therefore, our duty to review the sufficiency of the evidence to sustain the judgment for defendant without presumption in favor of the ruling granting the new trial. On the contrary, we should indulge the presumption that the judge who heard the evidence ore tenus on the original trial decided correctly. As already stated, his decision is like the verdict of a jury.

■ The rule of review applicable here has been stated as follows:

". . . . But when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond

with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. . . ." Cobb v. Malone & Collins, 92 Ala. 630, 635, 9 So. 738, 740.

We will apply the rule to this case. This action is to recover on an accident insurance policy. The facts are stated in appellant's (defendant's) brief as follows:

"Appellant issued a policy of Group Accident Insurance insuring the employees of Wood-Burleson Coal Company, Brilliant, Alabama, against certain bodily injuries occurring in the course of employment and in the line of duty for the employer, Wood-Burleson Coal Company (Tr. 82, 90), and which injuries were the sole cause of the loss and which were effected through violent, external and accidental means (Tr. 87). The policy excluded coverage to men while working for an employer other than Wood-Burleson Coal Company.

"Appellee claimed he received an accidental injury to his eye on the 13th day of February, 1959 (Tr. 29) while in the employe of the Wood-Burleson Coal Company, when a co-worker jabbed a wooden tamping rod or stick in his eye, bruising same, but the payroll records of coal operator Claude Berryhill showed that Appellee was on his payroll at the time of the alleged accident, and not on the payroll of Wood-Burleson Coal Company (Tr. 68).

"Certain benefits for total disability beginning within ten days of the date of accident were provided (Tr. 85), but Appellee alleged that he received an accidental injury in the mine on the 13th day of February, 1959, (Tr. 29) but continued to work until December, 1959 (Tr. 29, 43).

"Certain benefits for dismemberment (loss of one eye), resulting within ninety day of the accident (2/13/59) were provided (Tr. 85), but Appellee's eye was removed as the result of a sarcoma or malignant tumor (Tr. 56), and that did not occur until December 16, 1959 (Tr. 34). The medical bills were paid by the United Mine Workers Fund (Tr. 57)."

■ Supreme Court Rule 9 recites in pertinent part as follows:

". . . . The statements made by appellant under the headings 'Statement of the Case' and 'Statement of the Facts' will be taken to be accurate and sufficient for decision, unless the opposite party in his brief shall make the necessary corrections or additions." Code of 1940, Recompiled 1958, Title 7, Appendix, page 1159; 261 Ala. XXIII.

Appellee has made no corrections or additions to appellant's statement of the facts, and, according to Rule 9, appellant's statement of the facts is to be taken as accurate and sufficient for decision.

■ From appellant's statement of the facts, it appears that there was evidence to show that plaintiff was not an employee of the company to whom defendant's policy was issued, and that plaintiff, at the time of injury, was working for a different employer. It seems to us that, if plaintiff was not an employee of the insured employer at the time of injury, plaintiff would not be entitled to recover from defendant under the policy sued on, and that there is some evidence to support the judgment originally rendered for defendant.

We are, therefore, of opinion that the court erred in granting a new trial on the second ground of the motion.

Because neither ground of the motion for new trial is supported by the record, the judgment granting a new trial is due to be reversed.

■ Appellant asks in brief that judgment be rendered reinstating the judgment

for defendant. Title 7, § 810, Code 1940, recites:

"§ 810. The appellate court may, upon the reversal of any judgment or decree, remand the same for further proceedings, or render such judgment or decree as the court below should have rendered, when the record enables it to do so."

We are of opinion that appellant's request is one proper to be granted under the statute. The result of reversal is to set aside the judgment granting a new trial. The judgment for defendant thus becomes the final judgment in the cause. There is not, so far as we are advised, any further action to be taken by the trial court. Accordingly, a judgment will be here rendered denying and overruling the motion for new trial.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.