I respectfully dissent from the decision to reverse the denial of the defendant's postjudgment motion and to remand for an evidentiary hearing on the motion. The defendant did not file any affidavit or other evidentiary material to support the postjudgment motion at any time during its pendency. Thus the defendant failed to provide the trial court any proof whatsoever that Juror S. had ever been employed by the defendant at any of its restaurants so as to owe an affirmative answer to the defendant's question whether he had ever been so employed. Likewise, the defendant provided the trial court no proof whatsoever to support the defendant's postjudgment motion allegation "that the jury sought and obtained from the court's bailiff an answer to a question as to whether it could award the plaintiff more money than asked for by the plaintiff's attorneys."
On the one hand, Rule 59(g), Ala.R.Civ.P., accorded the defendant a right to be heard on the defendant's postjudgment motion. On the other hand, this rule did not accord the defendant a right to call witnesses and to present live testimony at such a hearing. No language and no implication in any part of Rule 59 accords any party any right to call witnesses and to present live testimony at a hearing on a motion for new trial. Rather, live testimony on motions is governed by Rule 43(e), Ala.R.Civ.P., which reads as follows:
 "When a motion is based on facts not appearing of record the court unless a jury is required may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions. Nothing herein shall be construed to enlarge or abridge the right to trial by jury."
This rule vests in the court the prerogative to hear live testimony, but does not grant either party to the motion an absolute right to present live testimony. The refusal of the judge to hear live testimony is within his discretion. No affidavits or other evidentiary materials of record establish to this Court that the trial judge abused his discretion in not hearing live testimony in this case.
Pleadings without proof are unavailing. Rule 59(c), Ala.R.Civ.P., contemplates that one or more affidavits will be filed in support of a motion for new trial based on facts outside the record. A motion for new trial based on facts outside the record cannot be granted without an affidavit or other evidentiary material to support the movant's allegations of those facts. Nallv. Tisdale, 581 So.2d 466 (Ala. 1991); National Sec. Ins. Co. v.Elliott, 276 Ala. 353, 162 So.2d 449 (1964).
While, in the case before us, the trial judge's allowing the postjudgment motion to be denied by operation of law without a hearing may constitute error, this Court will not reverse an error unless the record establishes that the error "probably injuriously *Page 1223 
affected the substantial rights of" the aggrieved party. Rule 45, Ala.R.App.P. The absence of affidavits or other evidentiary material to support the factual allegations of the defendant's postjudgment motion leaves the record before us devoid of evidence that the denial of the motion "probably injuriously affected the substantial rights of" the defendant. In other words, the defendant's allegations without proof do not demonstrate the "probable merit in the grounds asserted" necessary to exclude the denial of the motion from the operation of the harmless error rule. Greene v. Thompson, 554 So.2d 376, 381 (Ala. 1989) (explaining the application of a harmless error analysis to the erroneous summary denial of a Rule 59(g) postjudgment motion). Thus we should not reverse the denial of the motion.